TRAVELERS INSURANCE COMPANY
*v.* William R. ESTES and
Jerrine ESTES

84-73 670 S.W.2d 451

Supreme Court of Arkansas
Opinion delivered June 18, 1984

*Wright, Lindsey & Jennings,* for appellant and cross-appellee.

*H. David Blair,* for appellees and cross-appellants.

P. A. HOLLINGSWORTH, Justice. William and Jerrine Estes, cross-appellants, were injured in an automobile accident, from which they incurred medical expenses in excess of $4,000, and William Estes sustained loss of earnings in excess of $7,280. They were insured by the cross-appellee, Travelers Insurance Co., under a policy covering

two motor vehicles, the 1975 Lincoln which they were occupying and a 1960 Ford. The policy provided $20,000 in personal injury coverage for each accident, including a maximum of $2,000 in medical benefits and fifty-two weeks of income disability at a maximum of $140 per week. This is the minimum required by statute. See Ark. Stat. Ann. § 66-4014 (a) and (b). For coverage under the medical benefits a premium of $11.00 was charged on the Lincoln and $6.00 on the Ford. The premium for the income disability was $4.00 on both vehicles. Travelers paid to both Esteses the sum of $2,000 as reimbursement of medical expenses and to William Estes the sum of $7,280 under the wage loss benefit coverage of the Personal Injury Protection Endorsement of its policy. Both of the Esteses have sustained damages substantially in excess of these amounts. Since the Esteses' injuries exceeded the amount payable under one claim, they presented a claim for benefits under the other coverage provision. Travelers denied the claim and the Esteses brought suit. The trial court held that Mr. and Mrs. Estes were not entitled to benefits under more than one of the coverage provisions. Our jurisdiction is under Rule 29(1)(c). We agree and affirm.

It must be emphasized that the issue in this case is not that of construing the Travelers policy because it unequivocally prevents "stacking" by providing that the insurer's liability for medical expenses for each person is limited to $2,000 no matter how many cars are covered by the policy. Counsel for the cross-appellants admits that in the first paragraph of his brief:

> At the outset, cross-appellants acknowledge that the language contained in the endorsement attached to the policies involved here would, if enforced, prevent the stacking of coverages. That language is not, however, authorized by the statute making this coverage mandatory and therefore cross-appellants urge that it must be disregarded. Therefore what is presented here is a question of statutory interpretation rather than one of policy construction.

In quoting the pertinent parts of the statute, we italicize

the words relied on by the cross-appellants:

Every automobile liability insurance policy cover-ing any private passenger motor vehicle issued or delivered in this State *shall provide minimum medical and hospital benefits . . . to the named insured and members of his family residing in the same household injured in a motor vehicle accident,* to passengers injured while occupying the insured motor vehicle, and to persons struck by the insured motor vehicle, without regard to fault, as follows:

(a) Medical and Hospital Benefits. All reason-able and necessary expenses for medical, hospital and other specified services up to an aggregate of $2,000 per person. [Ark. Stat. Ann. § 66-4014 (Repl. 1980).]

* * *

The coverages provided in Section 1 [above] shall apply only to occupants of the insured vehicle and to persons struck by the insured vehicle . . . and to none other. Provided, however, said coverages shall not be applicable, or payable, if the prescribed minimum coverages are afforded to said occupants . . . either as a named insured or additional insured under another valid and collectible automobile insurance policy. [§ 66-4016.]

The cross-appellants make a single argument: The statute requires every automobile liability policy to provide $2,000 in medical benefits to the named insured and resident members of his family "injured in a motor vehicle accident." That means, it is argued, that all family members must be covered if they are injured in a motor vehicle accident, regardless of whether the insured vehicle is involved. Counsel goes on to say:

Had separate policies of insurance been issued on the two vehicles covered by the single policy issued by cross-appellee, and had each policy contained an

endorsement repeating the language of Ark. Stat. Ann. § 66-4014 verbatim, there would appear to be no question but what each insured vehicle was entitled to benefits under both policies. That result should not be different because the two coverages were combined in a single policy, rather than single policies being involved.

The fatal flaw in this argument is its total disregard of section three of the no-fault statute (§ 66-4016, quoted above), which provides in the clearest possible language that the medical expense coverage required by section one (§ 66-4014, on which the cross-appellants rely) "shall apply only to occupants of the insured vehicle . . . *and to none other.*" Here the cross-appellants paid two premiums for the medical expense coverage on their two cars, an $11 premium for $2,000 of insurance on their 1975 Lincoln and a $6 premium for like insurance on their 1960 Ford. Mr. and Mrs. Estes were not and could not have been occupants of both vehicles when they were hurt. They were in the Lincoln at the time and were covered as occupants of that "insured vehicle." They were not in the Ford and cannot claim to be covered as occupants of that insured vehicle.

The cross-appellants' reliance on *Kansas City Fire & Marine Insurance Co.* v. *Epperson,* 234 Ark. 1100, 356 S.W.2d 613 (1962) is misplaced. That case did not involve a construction of the no-fault statute. The issue there was solely a matter of interpreting the policy. That policy provided for the payment of $1,000 in medical expense for the insured and members of his family "injured in any automobile accident, regardless of whether either insured vehicle was involved." Since the company had collected two premiums, one of $7.20 and the other of $4.20, for that comprehensive coverage, the court held that where the medical expense exceeded $2,000, the company was liable under both the $1,000 coverages. That was true, however, not because of the wording of the statute but because of the wording of the policy. The policy now before us expressly excludes such stacking.

The judgment of the trial court is affirmed.