Hubert LAWSON and MID-CONTINENT CASUALTY
COMPANY *v.* STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

86-252                                    725 S.W.2d 543

Supreme Court of Arkansas
Opinion delivered March 9, 1987

*Hardin, Jesson & Dawson*, by: *Robert M. Honea*, for
appellants.

*Pryor, Robinson & Barry*, by: *Thomas B. Pryor*, for
appellee.

ROBERT H. DUDLEY, Justice.      Hubert Lawson was
injured in a single vehicle accident while riding on the bed of a
truck owned and operated by his father, Donald Lawson. Hubert
was the named insured in an automobile liability insurance policy
issued by appellant, Mid-Continent Casualty Company. The
policy described his automobile as the insured vehicle. Donald
was the named insured in an automobile liability insurance policy
issued by appellee, State Farm Automobile Mutual Insurance
Company. The truck owned and operated by Donald at the time
of Hubert's injuries was described as the insured vehicle in
appellee's policy. Pursuant to the personal injury protection
provision in the policy as required by the no-fault statute, Ark.
Stat. Ann. § 66-4014 (Repl. 1980 and Supp. 1985), appellant
Mid-Continent paid Hubert's medical bills and lost wages. Mid-

Continent then sued appellee State Farm, contending that under Ark. Stat. Ann. § 66-4016 (Repl. 1980), State Farm's policy was the applicable policy for Hubert's no-fault benefits since it was the insurer of the vehicle involved in the accident. The trial court granted a judgment on the pleadings pursuant to A.R.C.P. Rule 12(c), and held that the applicable policy for no-fault benefits was issued by the carrier for the injured party rather than by the carrier for the vehicle in which the injury occurred. We affirm.

Ark. Stat. Ann. § 66-4014, provides in pertinent part:

> Every automobile liability insurance policy covering any private passenger motor vehicle . . . shall provide minimum . . . benefits . . . to the named insured . . . [and] to passengers injured while occupying the insured motor vehicle . . . without regard to fault. . . .

Under the above quoted statement, both carriers were required to provide personal injury protection coverage for Hubert's damages since Hubert was a "passenger injured while occupying the insured motor vehicle" under appellee State Farm's policy and was a "named insured . . . injured in a motor vehicle accident" under appellant Mid-Continent's policy. The quoted statute does not provide which company has the applicable policy. Both parties agree that the answer is found in Ark. Stat. Ann. § 66-4016.

The first sentence of § 66-4016, in the pertinent part, provides:

> The coverages provided in . . . § 66-4014 . . . shall apply only to occupants of the insured vehicle and to persons struck by the insured vehicle . . . , and to none other.

The above sentence limits the persons to whom coverage applies, but does not state which policy is the applicable policy. Appellant contends that language in *Travelers Insurance Co.* v. *Estes*, 283 Ark. 61, 670 S.W.2d 451 (1984) provides that the coverage applies to the insured vehicle "and no other." That case is on a different issue, and we do not consider the language controlling.

The answer to the question, which policy is applicable, is found in the second, and final, sentence of § 66-4016. It provides:

> Provided, however, said coverages shall not be . . . payable, if . . . coverages are afforded to said occupants . . . [of the] insured vehicle . . . as a named insured . . . under another valid and collectible automobile insurance policy.

■ This sentence plainly means that when benefits are payable to a named insured, benefits "shall not be . . . payable" as a result of occupying an insured vehicle. Thus, in the event that more than one policy has personal injury protection coverage, the insured's own policy shall provide primary coverage.

Affirmed.

PURTLE, J., not participating.