## MID-CENTURY INSURANCE COMPANY, Tracy M. Snyder, and Wiley S. Snyder *v.* Marsha ANDERSON and Western Fire Insurance Company

90-112                                          791 S.W.2d 706

Supreme Court of Arkansas
Opinion delivered July 9, 1990

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Jacob Sharp, Jr.* and *Brian Allen Brown*, for appellants.

*Daggett, Van Dover & Donovan*, by: *Doddridge M. Daggett*, for appellees.

BOBBY LEE ODOM, Special Justice. On June 22, 1985, the appellee, Marsha Anderson, was a passenger on a motorcycle that was stopped at an intersection waiting for the traffic light to change. The motorcycle was struck in the rear by a vehicle driven by the sixteen-year-old appellant, Tracy Snyder. Anderson was insured under a valid automobile insurance policy, which included no-fault benefits as defined by Ark. Code Ann. § 23-89-202 (1987), with Western Fire Insurance Company (Western). She was injured in the collision and incurred medical bills and had a loss of wages. Snyder and her father, Wiley Snyder, were insured with Mid-Century Insurance Company (Mid-Century) for both liability and no-fault benefits.

Anderson filed suit against Snyder and her father on December 16, 1985. The tort claim against the Snyders was settled on January 15, 1987, for the liability policy limits of $25,000, but left open the suit for no-fault benefits.

On December 10, 1987, Anderson notified Western for the first time with reference to the motorcycle accident and claimed medical and wage loss benefits. Western admitted that there was a valid and collectible policy for Anderson on June 22, 1985; however, since she had failed to notify them of the accident in a timely manner and also failed to notify them that a lawsuit had been filed and that a release had been signed in the settlement of January 15, 1987, Anderson's coverage under her policy was not collectible.

Anderson then filed a third party suit against Western on March 24, 1988, and on October 14, 1988, filed a substitute third party complaint against Snyder's insurance company, Mid-Century, to recover her no-fault benefits in accordance with section 23-89-202, which states in pertinent part as follows:

REQUIRED FIRST PARTY COVERAGE
Every automobile liability insurance policy covering any private passenger motor vehicle issued or delivered in this state shall provide minimum medical and hospital benefits, income disability, and accidental death benefits, under policy provisions and on forms approved by the Insurance Commissioner, to the named insured and members of his family residing in the same household injured in a motor vehicle accident, to passengers injured while occupying the insured motor vehicle, and to persons other than those occupying another vehicle struck by the insured motor vehicle, without regard to fault, as follows:

(1) MEDICAL AND HOSPITAL BENEFITS. All reasonable and necessary expenses for medical, hospital, nursing, dental, surgical, ambulance, and prosthetic services incurred within twenty-four (24) months after the automobile accident, up to an aggregate of five thousand dollars ($5,000) per person, and may include any nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing. Expenses for hospital room charges may be limited to semiprivate

accommodations;

(2) INCOME DISABILITY BENEFITS. Seventy percent (70%) of the loss of income from working during a period commencing eight (8) days after the date of the accident, and not to exceed fifty-two (52) weeks, but subject to a maximum of one hundred forty dollars ($140) per week. In the case of a nonincome earner, the benefits shall consist of expenses not to exceed seventy dollars ($70.00) per week, or any fractional part of a week, which are reasonably incurred for essential services in lieu of those the injured person would have performed without income during a period commencing eight (8) days after the date of the accident and not to exceed fifty-two (52) weeks.

The trial court found that Anderson's policy through Western was not collectible and that Western was entitled to a summary judgment due to Anderson's failure to notify Western prior to two years and five months after the accident and to notify them when she filed suit against Mid-Century and the Snyders. The court also found that the settlement reached between Mid-Century and Anderson was dispositive on the issue of liability only and did not extend to no-fault benefits.

The trial court then found Mid-Century liable to Anderson, under section 23-89-202, for medical, hospital, and income disability benefits totaling $7,514.88 and also awarded penalty and fees pursuant to Ark. Code Ann. § 23-79-208 (1987). Mid-Century and the Snyders appeal the judgment against them. There is no appeal from the summary judgment dismissing Western.

This is a case of first impression to determine when the right to a valid and collectible no-fault insurance policy accrues in accordance with section 23-89-202. We find that it is the date of the accident and not the date the insured notifies the insurance company. Therefore, we reverse and dismiss the judgment of the trial court.

The parties stipulated that on June 22, 1985, Anderson was insured with Western for automobile insurance that included no-fault benefits as defined by section 23-89-202. Also, it was

stipulated that the Snyder vehicle had, on the date of the collision, an automobile insurance policy with Mid-Century that included no-fault benefits in accordance with section 23-89-202.

In *Lawson* v. *State Farm Mut. Auto. Ins. Co.*, 291 Ark. 391, 725 S.W.2d 543 (1987), we had to determine which no-fault policy would apply in accordance with Ark. Stat. Ann. § 66-4014 (Repl. 1980 and Supp. 1985), now section 23-89-202, when a passenger had his own automobile insurance that provided no-fault coverage and the vehicle he was riding in also had no-fault coverage. We stated that ". . . in the event that more than one policy has personal injury protection coverage, the insured's own policy shall provide primary coverage."

Although the *Lawson* case involves an automobile passenger, while this case involves a motorcycle passenger struck by the insured vehicle, the same statute applies in determining coverage. Ark. Code Ann. § 23-89-204(a) (1987) provides as follows:

COVERAGE FOR PASSENGERS AND PERSONS STRUCK BY INSURED VEHICLE.

(a) The coverages provided in § 23-89-202 above shall apply only to occupants of the insured vehicle and to persons struck by the insured vehicle including pedestrians, bicyclists, motorcyclists, persons in a horse-drawn wagon or cart, and persons riding on an animal, and to none other.

(b) However, the coverages shall not be applicable, or payable, if the prescribed minimum coverages are afforded to those occupants and to persons struck by the insured vehicle, either as a named insured or additional insured under another valid and collectible automobile insurance policy.

The appellants contend that Anderson had a valid and collectible insurance policy with no-fault coverage through Western on June 22, 1985, and that it had the primary responsibility for personal injury protection coverage in accordance with the *Lawson* case and section 23-89-204(b). We agree.

The date of the accident is the time to determine whether an insurance policy with no-fault coverage is valid and

collectible. In this case, Anderson had a valid and collectible policy that included no-fault coverage with Western on the date of the accident; consequently, it was primary in coverage responsibility. Therefore, Mid-Century's no-fault coverage is not applicable in accordance with section 23-89-204(b).

Reversed and dismissed.

Special Justice SMITH joins in this opinion.

NEWBERN and GLAZE, JJ., not participating.