SLIP OPINION



Cite as 2013 Ark. App. 662

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-12-1072

| | |
|---|---|
| JOSE BALLESTEROS<br><br>APPELLANT<br><br>V.<br><br>NATIONWIDE MUTUAL<br>INSURANCE COMPANY<br>APPELLEE | **Opinion Delivered**  November 6, 2013<br><br>APPEAL FROM THE WASHINGTON<br>COUNTY CIRCUIT COURT<br>[NO. CIV-12-1208-4]<br><br>HONORABLE GEORGE<br>CHADDWICK MASON, JUDGE<br><br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's grant of appellee's motion for summary judgment. On appeal, appellant argues that the circuit court's decision was erroneous as a matter of law. We affirm.

Appellant had a vehicle that was insured by appellee for liability and no-fault medical payment coverage commonly know as personal injury protection (PIP). Appellant's PIP coverage on his appellee-insured vehicle was in the amount of $5,000.00. Appellant's wife owned another car that was insured by State Farm for liability protection only; she rejected PIP.[1]

---

[1]This was permitted under Arkansas Code Annotated § 23-89-203 (Repl. 2004) as stated in appellant's arguments.

On June 29, 2010, while driving the State-Farm-insured vehicle owned by his wife, appellant was involved in a motor-vehicle accident in Bentonville, Arkansas. Having incurred $4,785.00 in bodily injuries and healthcare charges from the collision, appellant filed a PIP claim with his insurer, appellee, to cover those expenses. In a fax to appellant's attorney, dated May 21, 2012, appellee forwarded a May 18, 2012 letter denying the claim. Therein, appellee stated the following:

> Our investigation shows that Mr. Ballesteros was occupying a vehicle he owns but which is not insured under this coverage at the time of the accident. Coverage is excluded under such circumstances.
>
> The policy includes the following language:
>
> Personal Injury Protection
>
> Coverage Exclusions
>
> We will not pay for bodily injury or loss to:
>
> 3. The policy holder or any relative arising from any of the following:
>
> A) Occupying or being hit by a motor vehicle owned by the policyholder or a relative and not insured under this coverage.

In response to appellee's denial, on May 23, 2012, appellant filed a complaint for breach of contract and violation of statute, specifically, Arkansas Code Annotated §§ 23-89-202 and 23-89-208. In an amended complaint filed on June 1, 2012, appellant additionally argued violation of Arkansas Code Annotated § 23-89-204.

SLIP OPINION

Appellee answered on June 12, 2012, essentially denying all of appellant's allegations and requesting a jury trial. Appellant filed a motion for partial summary judgment on September 6, 2012, arguing that appellee had a duty as a matter of law to provide coverage, but that questions as to whether the treatment and charges of appellant were reasonable were factual. On September 17, 2012, appellee responded to appellant's motion for partial summary judgment and cross-motioned, seeking complete summary judgment under Rule 56 of the Arkansas Rules of Civil Procedure by arguing that there was no genuine issue of material fact and that it was entitled to summary judgment based on the undisputed material facts.

Following an October 18, 2012 hearing, the circuit court entered an order denying appellant's motion for partial summary judgment and granting appellee's motion for summary judgment. In its order, the court found:

> The language of § 23-89-204(a) clearly states that § 23-89-202 applies only to occupants of the insured vehicle. The vehicle at issue herein is not an insured vehicle under the Policy, so § 23-89-202 is inapplicable.
> . . . .
>
> A.C. A. § 23-89-204(b) states that § 23-89-202 does not apply if the occupant of the vehicle has his own collectible policy. The Plaintiff asserts that this means that where the occupant is in a vehicle not covered by his policy, as here, his policy must pay as a matter of law. This interpretation renders subsection (a) moot, and is incorrect. The Arkansas Supreme Court, in reference to subsection (b), has said:
>
>> This sentence plainly means that when benefits are payable to a named insured, benefits "shall not be . . . payable" as a result of occupying an insured vehicle. Thus, in the event that more than one policy has personal injury protection coverage, the insured's own policy shall provide primary coverage.[2]

---

[2]*Lawson v. State Farm Mut. Auto. Ins. Co.*, 291 Ark. 391, 393, 725 S.W.2d 543, 544 (1987).

Subsection (b) applies only when more than one policy provides coverage.

. . . .

A.C A. § 23-89-202 requires the minimums be provided only as to the insured vehicle. The vehicle in question is not an insured vehicle under the Policy. Therefore, the Policy need not provide § 23-89-202 minimum coverages for occupants of that vehicle.

The court also found that appellant would be covered while driving an uninsured car owned by another person, not because of the above-cited statutes, but because the terms of the policy do not exclude coverage in that situation, while it excludes coverage where the vehicle is not insured under the policy and belongs to the appellant or to relatives in his household, which is what occurred here. Finally, the court disregarded appellant's argument that the exclusion clause was against public policy because "an exclusion not in conflict with a statue cannot be held to be against public policy, as parties are free to contract however they want."

This timely appeal followed on November 1, 2012.

## I. *Standard of Review*

Summary judgment may only be granted when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law.[3] Ordinarily, upon reviewing a court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist.[4] However, in a case

---

[3] *Cannady v. St. Vincent Infirmary Med. Ctr.*, 2012 Ark. 369, at 3, ___ S.W.3d ___ (citing *K.C. Props. of Nw. Ark., Inc. v. Lowell Inv. Partners*, 373 Ark. 14, 280 S.W.3d 1 (2008)).

[4] *Id.* (citing *Travis Lumber Co. v. Deichman*, 2009 Ark. 299, 319 S.W.3d 239).

4

such as this one, which does not involve the question of whether factual issues exist but rather an issue of law, we simply determine whether the appellee was entitled to judgment as a matter of law.[5]

## I. *Statute*

Both parties agree that there are no facts in dispute. Both parties rely on the same statutes; however, both parties have a different interpretation of those statutes. Arkansas Code Annotated § 23-89-202 states, "Every automobile liability insurance policy covering any private passenger motor vehicle issued or delivered in this state shall provide minimum medical and hospital benefits . . . to the named insured and members of his or her family residing in the same household injured in a motor vehicle accident." Arkansas Code Annotated §23-89-204 provides, in pertinent part, that coverage under Arkansas Code Annotated § 23-89-202 "shall apply only to occupants of the insured vehicle and to persons struck by the insured vehicle . . . and to none other." These statutes are unambiguous. It is clear from these statutes that Arkansas Code Annotated § 23-89-202 is inapplicable because appellant was not occupying or struck by a vehicle insured by appellee.

Appellant makes the same argument as the cross-appellants/appellees in *Travelers Insurance Co. v. Estes*.[6] There, the Esteses owned two vehicles, both of which were insured by Travelers Insurance Company (Travelers), and were injured in an accident involving one of the vehicles. They attempted to recover under coverage for each of the cars, despite only

---

[5] *Smith v. Rebsamen Med. Ctr., Inc.*, 2012 Ark. 441, at 4–5, ___ S.W.3d ___.

[6] 283 Ark. 61, 620 S.W.2d 451 (1984).

one car being involved in the accident, and Travelers denied the claim on the uninvolved car. On appeal, the Esteses argued that because the statute required that medical benefits be given to the named insured and resident members of his family "injured in a motor vehicle accident," all family members must be covered if they were injured in a motor vehicle accident "regardless of whether the insured vehicle is involved."[7] Our supreme court rejected this argument, finding that the "fatal flaw in this argument" is that it totally disregarded another statute which stated that coverage required by the section cited by the Esteses "shall apply only to occupants of the insured vehicle . . . *and to none other.*"[8]

Like the Esteses, appellant is attempting to collect on an insurance policy covering a vehicle that was not involved in an accident. Part of appellant's argument is that where his wife rejected PIP on the vehicle he was driving, but he had PIP on a separate vehicle insured by appellee, appellee should be required to pay those benefits under his coverage. The fact that appellant's wife, as the owner of the vehicle, had rejected PIP in her insurance coverage on the vehicle, is irrelevant.[9] In arguing that such an outcome should be permitted, he relies totally on Arkansas Code Annotated § 23-89-202, disregarding Arkansas Code Annotated § 23-89-204(a), which states that "the coverages provided in § 23-89-202 shall apply only to occupants of the insured vehicle and to persons struck by the insured vehicle . . . *and to none*

---

[7]*Id.*, 283 Ark. at 63, 670 S.W.2d at 453.

[8]*Id.*, 283 Ark. at 64, 670 S.W.2d at 453 (emphasis added).

[9]The vehicle involved in the accident was insured by a different insurance provider altogether. Because appellant's wife's rejection of PIP on her vehicle is irrelevant, whether Ark. Code Ann. § 23-89-203 applies is also irrelevant.

*other*" (emphasis added). The car appellant was driving, when involved in the motor vehicle accident, was not insured by appellee, and therefore, by statute, was not covered for PIP. We find no error with the circuit court.

## II. *Contract*

Arkansas Code Annotated §§ 23-89-202 and 23-89-204 represent the minimum requirements imposed on insurance companies.[10] However, insurance companies and insureds may contract to provide more coverage. Where an insurance provision is in accordance with a statute, it cannot run contrary to public policy.[11] A policy will not be interpreted to bind the insurer to a risk that it plainly excluded and for which it was not paid.[12]

Affirmed.

WALMSLEY, J., agrees.

HIXSON, J., concurs.

**KENNETH S. HIXSON, Judge, concurring.** I concur with the majority that Arkansas Code Annotated §§ 23-89-202 and −204 do not require Nationwide to provide coverage under the facts of this case. Further, I concur that these two statutes and the exclusion relied

---

[10]Arkansas Code Annotated §§ 23-89-201 states "[n]othing contained in this subchapter shall be construed to prevent an insurer from providing broader benefits than the minimum benefits enumerated in § 23-89-202."

[11]*Harasyn v. St. Paul Guardian Ins. Co.*, 349 Ark. 9, 16, 75 S.W.3d 696, 700 (2002) (citing *Majors v. American Premier*, 334 Ark. 628, 977 S.W.2d 897 (1998)).

[12]*Curley v. Old Reliable Cas. Co.*, 85 Ark. App. 395, 398 155 S.W.3d 711, 713 (2004)(citing *First Financial Ins. Co. v. National Indem. Co.*, 49 Ark. App. 115, 898 S.W.2d 63 (1995)).

on by the trial court are not void as against public policy. However, I write separately because I would affirm this appeal due to the explicit unambiguous terms of the insurance policy.

The appellant owned a 2007 Honda and insured that vehicle with Nationwide Mutual Insurance Company. The appellant's spouse owned a 2005 Honda and insured her vehicle with State Farm Insurance. Both appellant and his spouse lived in the same residence. The appellant's insurance policy with Nationwide covering his 2007 Honda contained PIP coverage. The appellant's spouse's insurance policy covering her 2005 Honda did not contain PIP coverage. The appellant's spouse specifically declined PIP coverage. The appellant was injured while driving his wife's Honda. Because the appellant's wife's vehicle did not contain PIP coverage, the appellant filed a claim with his insurance company, Nationwide, for PIP benefits. Nationwide declined coverage.

The Nationwide policy is clear and unambiguous. The policy contains a section for PIP benefits coverage. As with most insurance policies, there is a general statement that provides coverage followed by specific exclusions. Here, the Nationwide policy provides that the following are "insureds" for PIP coverage: "The policyholder and relatives are covered while occupying any motor vehicle." Therefore, if one stops at that point in the policy then one would deduce "[t]he [appellant] and relatives are covered while occupying any motor vehicle" (i.e., his wife's Honda). However, the PIP coverage provision continues and states unambiguously: "Coverage Exclusions: We will not pay for bodily injury or loss to: . . . (3) The policyholder . . . arising from any of the following: (a) occupying . . . a motor vehicle,

8

owned by the policyholder or a relative and not insured under this coverage." The exclusion specifically and expressly applies to the facts alleged by the appellant.

The exclusion is clear. Nationwide will not pay PIP benefits if the policyholder (the appellant) is injured while occupying a motor vehicle owned by a relative (his spouse) and not insured by Nationwide. The term "relative" is defined in paragraph (1) of the PIP coverage section as "the policyholder's spouse. . . . [and that] [s]uch person must be a resident of [the policyholder's] household." Here, the record is clear that the motor vehicle that the appellant occupied at the time of the injury was owned by the appellant's spouse and that the appellant and his spouse resided in the same household. Therefore, this exclusion is applicable and the court did not err.

*Ken Swindle*, for appellant.

*Wright, Lindsey & Jennings, LLP*, by: *Regina A. Young*, and *Gary D. Marts, Jr.*, for appellee.