Grant HARASYN and Shelley Harasyn *v.*
The ST. PAUL GUARDIAN INSURANCE COMPANY

01-1123                                                75 S.W.3d 696

Supreme Court of Arkansas
Opinion delivered May 23, 2002

*Stephen Lee Wood, P.A.*, by: *Stephen Lee Wood*, for appellants.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *J. Michael Cogbill* and *Rebecca D. Hattabaugh*, for appellee.

W H. "DUB" ARNOLD, Chief Justice. Appellant Grant Harasyn and Shelley Harasyn brings this appeal from Benton County Circuit Court where the trial court granted appellee St. Paul Guardian Insurance Company's motion for summary judgment. We agree with the trial court, and thus affirm.

On October 21, 1998, appellant Shelley Harasyn was injured at her place of business, Stogie's Cigars in Rogers, when a car driven by Donald Carlo crashed through the wall. Following the tender of Carlo's liability limits, Harasyn settled with him and reported her injuries to her insurance company appellee St. Paul Guardian Insurance Company. She requested benefits under both the Underinsured Motorist and Personal Injury Protection coverages of her policy. However, St. Paul denied coverage based upon an exclusion which stated, in pertinent part:

> *Pak II doesn't cover accidents happening on your business premises.* And we do not cover any liability or claims connected with your business, profession, or occupation. For example, malpractice claims. But we do cover business use of the private passenger automobiles listed on the Coverage Summary.

(Emphasis added.)

The Harasyns then filed suit against St. Paul for benefits due under the policy and for bad faith. St. Paul moved for summary judgment on all counts and the trial court granted the motion. In its order, the trial court found:

> 2. *The St. Paul PAK II Insurance Policy excluded any occurrences happening on "your business premises."* The Plaintiff, Shelly Harasyn, was injured while she was working at a cigar store

operated by H & K Corporation, of which she and her husband were the sole shareholders.

3. *The business premises exclusion is clear and unambiguous and is defined in the policy.* Under the definition, the Plaintiff was injured on her business premises, and, as such, the injuries and damages claimed by the Plaintiffs in this case are specifically excluded by the PAK II Insurance Policy.

4. The business premises exclusion is clearly set forth in the policy and the insured is warned on Page 1 to refer to the Major Exclusions on Page 17 to determine policy coverage. Further, on Page 17 of the policy, it is noted that the Major Exclusions apply to all sections of the policy and that any exclusions which are specific to a particular portion of the policy will be stated in that policy section. *The first "Major Exclusion" listed is the business premises exclusion which applies to all sections of the policy.* Further, on Page 7 of the Arkansas amendment to the PAK II policy, the business premises exclusion is again listed as a major exclusion.

5. The insurance policy as written is clear and unambiguous and excludes the Plaintiff's injuries and damages under the business premises exclusion.

6. The business premises exclusion is not violative of the public policy of the State of Arkansas. Arkansas Courts have consistently held that exclusions, such as the business premises exclusion contained in this policy, will be strictly enforced and that such exclusions do not violate the public policy of this state.

7. The actions taken by St. Paul in this case do not constitute waiver of its rights to deny coverage and St. Paul did not act in bad faith in denying this claim.

(Emphasis added.)

The Harasyns argue that the trial court's order granting summary judgment should be reversed. After considering Harasyn's arguments and the applicable controlling authority, we decline to reverse the trial court.

## I.  Standard of review

Appellant Harasyn challenges the trial court's order granting appellee St. Paul's motion for summary judgment. In reviewing summary-judgment cases, we need only decide if the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party, St. Paul, left a material question of fact unanswered. Notably, the moving party always bears the burden of sustaining a motion for summary judgment. All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. However, the moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56 (2000); *Chamberlin v. State Farm Mutual Auto.*, 343 Ark. 392, 36 S.W.3d 281 (2001); *Robert D. Holloway, Inc. v. Pine Ridge Add'n Resid. Prop. Owners*, 332 Ark. 450, 453, 966 S.W.2d 241, 243 (1998) (citing *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997)).

Once the moving party makes a prima facie showing that it is entitled to summary judgment, the opponent must meet proof with proof by showing a material issue of fact. *Chamberlin*, *supra*; *Dillard v. Resolution Trust Corp.*, 308 Ark. 357, 359, 824 S.W.2d 387, 388 (1992). If a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence. *Chamberlin*, *supra*; *Collyard v. American Home Ins. Co.*, 271 Ark. 228, 230, 607 S.W.2d 666, 668 (1980). Here, the parties agree that there are no disputed facts. Accordingly, our review must focus on the trial court's application of the law to those undisputed facts.

## II.  Public Policy

Appellant Harasyn argues that Arkansas Code Annotated § 23-89-209 does not set forth any exclusion for Underinsured motorist coverage. Harasyn contends that while insurance com-

panies undoubtedly have the right to limit coverage through exclusions, such limits are confined to the boundaries of the governing statute. Appellant Harasyn asserts that coverage follows the person, not the automobiles insured by the policy and that the coverage is effective "24 hours a day, 365 days a year." Thus, the appellants conclude, the trial court erred in holding that the Major Exclusion was not void as a matter of public policy as applied to the Underinsured motorist coverage.

■ ■ Unless the legislature has specifically prohibited exclusions, courts will not find the restrictions void as against public policy. An exclusion to coverage cannot violate public policy when one considers that a driver can opt out of the coverage altogether. In *Clampit v. State Farm Mut. Auto Ins. Co.*, 309 Ark. 107, 828 S.W.2d 593 (1992), this court held that an exclusion to Underinsured coverage did not violate the public policy of the state. There is no support for the argument that the legislature, in enacting the statute, intended to provide coverage for persons who are not occupying the insured motor vehicle, but are working inside their own business premises.

Arkansas Code Annotated § 23-89-209 sets forth the provisions for Underinsured motorist coverage. Subsection (a)(3) describes the coverage to be available through UIM:

> (3) The coverage shall enable the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injuries to or death of an insured which the insured is legally entitled to recover from the owner or operator of another motor vehicle whenever the liability insurance limits of such other owner or operator are less than the amount of the damages incurred by the insured.

Ark. Code Ann. § 23-89-209(a)(3) (Repl. 1999).

■ In *Clampit v. State Farm Mut. Auto. Ins. Co.*, 309 Ark. 107, 828 S.W.2d 593 (1992), this court stated that underinsured coverage applies when the tortfeasor has at least the amount of insurance required by law, but not enough to fully compensate the victim. Furthermore, the Underinsured motorist coverage statute establishes the public policy of the State of Arkansas with regard to UIM coverage. *Majors v. American Premier Ins. Co.*, 334 Ark. 628,

977 S.W.2d 897 (1998). Although Underinsured motorist coverage is statutorily prescribed, this court has upheld prior exclusions under the current and prior versions of the statute. *Chamberlin v. State Farm Mut. Auto. Ins. Co.*, 343 Ark. 392, 36 S.W.3d 281 (2001) (holding that State Farm's unambiguous owned-but-not-insured exclusion was valid and not void as against public policy); *Clampit v. State Farm, supra.* Where an insurance provision is in accordance with a statute, it cannot run contrary to public policy. *Majors v. American Premier, supra.*

■ Here, the policy language was quite clear; the Policy sets forth the Major Exclusions, including the one at issue. It states that "[t]he major exclusions listed here apply to all sections of the policy. Other restrictions that apply only to particular sections will appear in the section to which they apply." On page one of the General Policy Information directs the policyholder to read the Major Exclusions found on page seventeen. Thus, the policy language is clear and unambiguous. Additionally, there is no merit in Harasyn's argument that the term "whenever" dictates Underinsured benefits in *all* instances. Clearly, the court has found this not to be the case, as evidenced by its prior holdings of other exclusions. Here, as in *Chamberlin*, where the parties are free to contract on terms, and so long as the policy language is clear and not violative of state law, this court will enforce the agreement as written.

## II. Personal Injury Protection (PIP)

The Harasyns argue that Arkansas Code Annotated § 23-89-202 (Repl. 1999] sets forth no exclusions from personal injury coverage. They further claim that general exclusions which are applicable to the greater part of a policy are not necessarily applicable to personal injury protections provisions. The Harasyns contend that the plain language of the statute indicates the Legislature's intent that personal injury protection be afforded whenever an insured is injured by a motor vehicle.

■ However, coverage under § 23-89-202 is not applicable as § 23-89-204 (Repl. 1999) prohibits coverage to Ms. Harasyn. Shelley Harasyn was neither an occupant of an insured vehicle,

nor struck by an insured vehicle. She is not entitled to personal injury protection under the statute, nor does the business premises exclusion to that coverage violate public policy. Furthermore, an exclusion to PIP coverage cannot violate public policy when one considers a driver may waive coverage altogether.

■ The business–premises exception applies to all portions of the policy, including PIP. Thus, the trial court did not err where Harasyn was injured on her business's premises and sought benefits from her policy, which included an exclusion for business-premises-based claims.

### III.   Unambiguous Language

Appellant Harasyn argues that the Major Exclusion at issue is ambiguous when considered with the rest of the policy issued to them. They claim that UIM and PIP are not liability or property coverages; thus, they contend, they are not subject to the exclusions as evidenced by the reference at the beginning of their policy:

> Be sure to read the 'Major Exclusions' (page 17) and 'Other Provisions' (page 21) sections to fully understand how the liability and property coverage of PAK II are applied.

The Haraysns assert that while one could reasonably interpret the "Major Exclusion" as applying to "all" sections of the PAK II policy, one could also reasonably interpret the entire policy to mean that the "Major Exclusion" applies only to liability and property coverages and not to personal coverages.

However, the policy in this case will not be construed to provide coverage for a plainly excluded risk, for which no premium was paid. The language at the beginning of the "Major Exclusions" states:

> The major exclusions listed here apply to all sections of the policy. Other restrictions that apply only to particular sections will appear in the section to which they apply.

Here, the Harasyns do not argue that the language of the exclusion itself is unclear; instead, they argue that it is unclear

whether the business-premises exclusion listed under the Major Exclusions applies to all sections of the policy, including the UIM and PIP. The UIM coverage is under the "Personal Liability Coverage" and the PIP is contained in an endorsement to the policy. Regarding PIP, it contains the following language:

> With respect to coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement.

Because the language used in the business premises exception is clear, the trial court was correct.

In *Elam v. First Unum Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165 (2001), this court set forth its standard for reviewing an insurance policy's language. If the language of the policy is unambiguous, we will give effect to the plain language of the policy without resorting to the rules of construction. *Elam, supra*; *Norris v. State Farm Fire & Cas. Co.*, 341 Ark. 360, 16 S.W.3d 242 (2000); *Western World Ins. Co. v. Branch*, 332 Ark. 427, 965 S.W.2d 760 (1998). On the other hand, if the language is ambiguous, we will construe the policy liberally in favor of the insured and strictly against the insurer. *Id.* Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation. *Norris*, 341 Ark. 360, 16 S.W.3d 242; *Smith v. Prudential Prop. & Cas. Ins. Co.*, 340 Ark. 335, 10 S.W.3d 846 (2000).

Here, the trial court specifically found that the business-premises policy exclusion was clear and unambiguous. The exclusion, in plain language, excluded coverage for accidents occurring on the insured's business premises. Because the language is plain, there is no need to resort to the rules of construction. Harasyn's accident occurred at Stogie's Cigars, of which she was an owner. Because the accident took place on her business premises, Harasyn's PAK II policy does not provide coverage. Accordingly, because the terms of the exclusion are clear and unambiguous, the policy language controls, and absent statutory strictures to the contrary, the exclusionary term should be generally enforced according to its terms. *Smith v. Shelter Mut. Ins. Co.*, 327 Ark. 208, 937 S.W.2d 180 (1997).

## IV.  Waiver

The Harasyns argue that St. Paul waived its right to claim the "Major Exclusion" when it told them that it was affording "med pay" coverage. The Harasyns assert that St. Paul's notes indicate that Harasyn was injured at work, thus they cannot now claim ignorance of the facts or that they unknowingly waived this purported defense. The Harasyns conclude this is a fact question proper for the jury.

However, the facts of the case do not establish any actions on the part of St. Paul that would constitute waiver nor any reliance on the part of the Harasyns. The waiver can only be applied to bar the defense of noncoverage when the conduct on the part of the insurer misleads the insured into believing that coverage exists, when it does not, and the insured takes action in reliance on the misrepresentation. Following an investigation, the adjuster contacted the Harasyns and advised them that no coverage was available due to the exclusion. These facts establish that St. Paul took no actions that would constitute waiver.

In *Peoples Protective Life Ins. Co. v. Smith*, 257 Ark. 76, 514 S.W.2d 400 (1974), this court noted that coverage in a contract of insurance cannot be extended by waiver or estoppel. The doctrine of waiver or estoppel cannot be given the effect of enlarging or extending the coverage as defined in the contract, nor can it create a contract of insurance, since a cause of action cannot be based on a waiver. In *Hartford Fire Insurance Co. v. Smith*, 200 Ark. 508, 139 S.W.2d 411, we held, the doctrine of waiver and estoppel cannot be asserted to extend coverage under a contract in which it was excluded by specific language. *Miller v. Illinois Bankers' Life Ass'n*, 138 Ark. 442, 212 S.W. 310, 7 A.L.R. 378; *Mutual Ben. Health & Acc. Ass'n v. Moore*, 196 Ark. 667, 119 S.W.2d 499; *John Hancock Life Ins. Co. v. Henson*, (199 Ark. 987), 136 S.W.2d 684.

The coverage desired by the Harasyns was clearly excluded; thus, waiver is not available to extend the coverage merely because the insurer's agent thought coverage might be available.

Therefore, there are no grounds to justify a reversal of the trial court's grant of summary judgment. We hold that the trial court did not err in finding that St. Paul was entitled to a judgment as a matter of law.

Affirmed.

GLAZE, J., not participating.