# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-2673

———————————————

J-McDaniel Construction Co., Inc.

*Plaintiff - Appellant*

v.

Mid-Continent Casualty Company; Oklahoma Surety Company; John Does, 1-40

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: April 16, 2014
Filed: August 4, 2014

——————————

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

——————————

SMITH, Circuit Judge.

In 2011, J-McDaniel Construction Co. ("J-McDaniel") settled a lawsuit arising from subcontractors's faulty workmanship during construction of an Arkansas home. J-McDaniel sought coverage for the damages to be paid in the settlement from Mid-Continent Casualty Co. ("Mid-Continent") under its Commercial General Liability Insurance (CGL) policy. Mid-Continent denied coverage, asserting that the terms of the policy did not include faulty workmanship or subcontractor negligence. J-

McDaniel sued, alleging that Mid-Continent breached the insurance contract. Sitting in diversity jurisdiction, the district court[1] dismissed the claim. The court found that the policy excluded coverage for subcontractor negligence and that under Arkansas law the CGL policy did not cover faulty workmanship. We affirm.

## I. *Background*

J-McDaniel is a residential construction general contractor. It employs subcontractors for every portion of construction. J-McDaniel purchased a CGL policy from Mid-Continent in 2005; the policy was in force at all times relevant to this litigation. The CGL policy provided coverage for "property damage" caused by an "occurrence" as defined in the policy. An "occurrence" was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy also includes an endorsement excluding coverage for damage arising from the work of subcontractors.

David and Susan Conrad sued J-McDaniel for defects in the construction of their home in 2006, allegedly resulting from faulty workmanship on the part of the subcontractors. J-McDaniel and the Conrads ultimately settled. Mid-Continent refused to defend or indemnify J-McDaniel. Mid-Continent agreed that the defects in the Conrad home constituted "property damage," but argued that the damage did not arise from an "occurrence" as defined by the policy.

J-McDaniel sued Mid-Continent, asserting alternative claims of breach of contract, unconscionability, and negligence under Arkansas law. The breach-of-contract claim turned on whether the faulty workmanship on the Conrad home was an "occurrence" within the meaning of the policy. The district court dismissed the claim pursuant to *Essex Ins. Co. v. Holder*, 261 S.W.3d 456, 460 (Ark. 2008). In *Essex*, the

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

Arkansas Supreme Court held that "defective workmanship standing alone—resulting in damages only to the work product itself—is not an occurrence" as defined in a similar CGL policy.[2] The district court dismissed the negligence claim as time-barred. Finally, the court dismissed the unconscionability claim because it amounted to more than "mere conclusory statements [that] fail to state a claim for relief."

J-McDaniel moved for leave to file an amended complaint, which would have added an estoppel claim. This claim asserted that Mid-Continent should be estopped from denying coverage because it based its premiums on the cost of subcontractor work. J-McDaniel contended that Mid-Continent's tying its premium to contractor cost led purchasers to assume that coverage included the work of the subcontractors notwithstanding an endorsement excluding coverage for subcontractor work. The district court denied the motion on grounds of futility. The court found that the amendment would not withstand a motion to dismiss under *Harasyn v. St. Paul Guardian Ins. Co.*, 75 S.W.3d 696, 702 (Ark. 2002). In *Harasyn*, the Arkansas Supreme Court held that "coverage in a contract of insurance cannot be extended by waiver or estoppel."

## II. *Discussion*

J-McDaniel appeals the district court's dismissal of its breach of contract claim and the court's denial of its motion to amend.

## A. *Breach of Contract*

"This court reviews de novo the grant of a motion to dismiss, taking all facts alleged in the complaint as true. Dismissal is proper where the plaintiffs' complaint

---

[2]Interestingly, the Arkansas legislature has overruled *Essex* by statute, *see* Arkansas Code Annotated § 23-79-155, since the construction of the Conrad home. However, the district court found that Arkansas law barred retroactive application of the statute based on *Arkansas Department of Human Services v. Walters*, 866 S.W.2d 823, 825 (Ark. 1993).

fails to state a claim upon which relief can be granted." *Charles Brooks Co. v. Georgia-Pacific, LLC*, 552 F.3d 718, 721 (8th Cir. 2009) (citations and quotations omitted). To state a valid claim for breach of contract in Arkansas, the plaintiff "need only assert the existence of a valid and enforceable contract between the plaintiff and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages resulting to plaintiff from the breach." *Perry v. Baptist Health*, 189 S.W.3d 54, 58 (Ark. 2004) (citations omitted).

J-McDaniel asserts that Mid-Continent breached the insurance contract by refusing to defend J-McDaniel against, or indemnify it for, the Conrad suit. J-McDaniel concedes that under applicable Arkansas law at the time the suit was filed—the Arkansas Supreme Court's *Essex* decision—the CGL policy did not cover faulty workmanship. It contends, however, that the legal landscape is shifting and that states are trending toward including faulty workmanship within CGL policy coverage. Furthermore, Arkansas Code § 23-79-155 effectively overruled *Essex* in 2011. In light of these developments, J-McDaniel predicts that the Arkansas Supreme Court would reverse *Essex* if presented with the issue today. J-McDaniel, therefore, asks this court to act as though it sat in the place of the Arkansas Supreme Court and overrule *Essex*, thus effectively giving retroactive effect to the amended Arkansas statute.

We decline J-McDaniel's invitation to reverse *Essex* and apply § 23-79-155 retroactively. Arkansas entertains a presumption against retroactive application of statutes. *Steward v. Statler*, 266 S.W.3d 710, 713 (Ark. 2007) ("Generally, retroactivity is a matter of legislative intent, and unless it expressly states otherwise, we presume the legislature intends for its laws to apply only prospectively."). The Arkansas Supreme Court specifically held that an "[insuror's] right to deny coverage under the law then in effect is a substantive right. Legislation which changes substantive rights does not operate retroactively." *Carmichael v. Nationwide Life Ins. Co.*, 810 S.W.2d 39, 42 (Ark. 1991) (citation omitted). Furthermore, "an insurance policy is governed by statutes in effect at the time of its issuance." *State Farm Mut.*

*Auto. Ins. Co. v. Henderson*, 150 S.W.3d 276, 281 (Ark. 2004) (citations omitted). Arkansas law is clear: we may not retroactively apply § 23-79-155 to the insurance contract between J-McDaniel and Mid-Continent.

Nor may we simply disregard *Essex*. For the relevant time period, the Arkansas Supreme Court definitively answered the question of whether subcontractor work product is included within the bounds of CGL coverage. We have no authority to speculate as to how that court would rule if presented with the question again. Furthermore, the *Essex* court specifically contemplated the now-majority rule and found it unpersuasive. *See Essex*, 261 S.W.3d 456, 460 ("While several jurisdictions have found CGL policies to be ambiguous and construed the ambiguity against the drafter, we find these cases unpersuasive.") (citing *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1 (Tex. 2007). Sitting in diversity jurisdiction, we are not at liberty to disregard the binding law of the state, nor may we substitute our judgment for that of the Arkansas Supreme Court. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The district court properly applied binding state law, therefore it did not err by dismissing J-McDaniel's breach-of-contract claim.

## B. *Leave to Amend*

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only with the opposing party's consent or the leave of the court and that "leave to amend should be granted freely when justice so requires." *In re Cerner Corp. Sec. Litig.*, 425 F.3d 1079, 1086 (8th Cir. 2005) (citations, quotation, and alteration omitted). "Nevertheless, futility is a valid reason for denial of a motion to amend." *Id.* (citation omitted). "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (citation and quotation omitted). "[W]hen the district court denies leave on the basis of futility we review the underlying legal conclusions de novo." *Id.* (citation and quotation omitted).

J-McDaniel's proposed amended complaint fails to state a claim on which relief may be granted. In this case, the policy specifically excluded coverage for subcontractor negligence. As the district court found, under Arkansas law "the doctrine of waiver or estoppel cannot be given the effect of enlarging or extending the coverage as defined in the contract." *Harasyn*, 75 S.W.3d at 702 (citations omitted). Nor may estoppel "be asserted to extend coverage under a contract in which it was excluded by specific language." *Id.* (citation omitted). Because J-McDaniel seeks to extend coverage to subcontractor negligence through a claim of estoppel, the district court did not err by denying J-McDaniel leave to amend its complaint.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____