# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3734

_____

United States of America

*Plaintiff - Appellee*

v.

Rafael McDaniel, also known as Raf

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 19, 2016
Filed: October 4, 2016

_____

Before RILEY, Chief Judge, MURPHY and SMITH, Circuit Judges.

_____

MURPHY, Circuit Judge.

Rafael McDaniel was convicted of conspiring to distribute cocaine and crack cocaine, possessing with the intent to distribute cocaine and crack cocaine, and possessing a firearm in furtherance of a drug trafficking crime. See 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(C), 846; 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced McDaniel to 240 months imprisonment. McDaniel appeals, arguing that there was insufficient evidence to support his firearm conviction.

From January 2012 through November 2013 McDaniel was cooking crack cocaine and distributing drugs from his home. On November 18, 2013 government agents arrested McDaniel and searched his home. In a utility room in his house they found a cabinet containing cocaine, crack cocaine, and cash. On shelves next to the cabinet were digital scales with powder residue and baking soda. McDaniel admitted during trial that he had used the scales to weigh drugs. Two loaded firearms were also found on top of the cabinet in the utility room. The agents additionally recovered a loaded pistol in a desk drawer in McDaniel's home office, a pistol with two magazines in a cabinet above his washer and dryer, and a revolver with two rounds in his attic. During trial an expert witness testified that firearms are tools of the drug trade used to protect drugs and drug proceeds. McDaniel testified that he was a gun collector and stored some of them on top of cabinets because he had "no use" for them, but he nevertheless kept them loaded "[i]n case something did happen to [his] house if [he] was there."

The jury found McDaniel guilty of conspiring to distribute cocaine and crack cocaine, possessing with the intent to distribute cocaine and crack cocaine, and possessing a firearm in furtherance of a drug trafficking crime. The district court sentenced him to 240 months imprisonment — 180 months for the drug charges and 60 months for the firearm charge. McDaniel appeals, arguing that there was insufficient evidence to convict him of the firearm charge because the guns found in his home were not readily accessible.

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

We review de novo questions of sufficiency of the evidence. See United States v. Campa-Fabela, 210 F.3d 837, 839 (8th Cir. 2000). We affirm a conviction if "the record, viewed most favorably to the government, contains substantial evidence supporting the jury's verdict." United States v. Lopez, 443 F.3d 1026, 1030 (8th Cir. 2006) (en banc). To convict McDaniel of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) the government had to "present evidence from which a reasonable juror could find a nexus between the defendant's possession of the charged firearm and the drug crime [which] . . . had the effect of furthering, advancing or helping forward the drug crime." United States v. Sanchez-Garcia, 461 F.3d 939, 946 (8th Cir. 2006) (internal quotation marks omitted). A jury may infer the requisite nexus if "the firearm is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking." United States v. Shaw, 751 F.3d 918, 922 (8th Cir. 2014) (internal quotation marks omitted).

Here, the evidence at trial established that McDaniel kept loaded firearms in the same room as cocaine, crack cocaine, and a scale he used to measure drugs. See id. An expert witness also testified that firearms can be tools in the drug trade. See id. McDaniel claims that the firearms located on the top of the cabinet in the utility room were not readily accessible because he is only 5' 7" and the cabinet was more than a foot taller. He could nevertheless have reached the guns by standing on a chair or ladder. Moreover, the nexus requirement may be satisfied if firearms are found in a room adjacent to a room containing drugs and scales. See Sanchez-Garcia, 461 F.3d at 947. In this case, three other firearms were located in McDaniel's house. The jury therefore reasonably inferred that McDaniel's possession of firearms advanced his drug crimes because he kept them close to the drugs and admitted that he kept them loaded "[i]n case something did happen to [his] house if [he] was there." Viewing the evidence in the light most favorable to the government, the required nexus exists between the loaded firearms and McDaniel's drug trafficking offenses.

For these reasons we affirm the district court's judgment.

_____