Phillip T. Whiteaker, Judge, concurring in part and dissenting in part.
I agree with the majority's decision that appellant Gara Cross presented sufficient questions of material fact with regard to whether her injuries arose "out of the operation, maintenance, or use of an uninsured motor vehicle." I also agree with the majority's decision that Cross presented a fact question on the issue of whether she was legally entitled to recover from the owner or driver of an uninsured motor vehicle. I cannot agree, however, with the majority's conclusion that the government-owned-vehicle exclusion violates public policy.
Our supreme court has stated the law regarding insurance-policy exclusions: once it is determined that coverage exists under a policy of insurance, it then must be determined whether the exclusionary language within the policy eliminates the coverage.
*504 Castaneda v. Progressive Classic Ins. Co. , 357 Ark. 345, 351, 166 S.W.3d 556, 560-61 (2004) ; Norris v. State Farm Fire & Cas. Co. , 341 Ark. 360, 16 S.W.3d 242 (2000). As the majority notes, the State Farm policy in this case provides that an uninsured motor vehicle "does not include a land motor vehicle ... owned by any government or any of its political subdivisions or agencies." Cross argues, and the majority agrees, that the Eighth Circuit's decision in Vaught v. State Farm Fire & Casualty Co. , 413 F.2d 539 (8th Cir. 1969), compels a result that the application of such an exclusion is void as against public policy.
The Eighth Circuit concluded its opinion by asserting that it was "convinced that if the Arkansas Supreme Court were faced with the question raised here that its opinion would be the same." Vaught, 413 F.2d at 543. To date, however, our supreme court has not been faced with this identical question. In Harasyn v. St. Paul Guardian Insurance Co. , however, the supreme court held that "[u]nless the legislature has specifically prohibited exclusions, courts will not find the restrictions void as against public policy. An exclusion to coverage cannot violate public policy when one considers that a driver can opt out of the coverage altogether." 349 Ark. 9, 15, 75 S.W.3d 696, 699 (2002) (addressing the validity of an exclusion in an underinsurance policy); see also Majors v. Am. Premier Ins. Co. , 334 Ark. 628, 977 S.W.2d 897 (1998) (holding that where an insurance provision is in accordance with a statute, it cannot run contrary to public policy).
The Arkansas General Assembly has not specifically prohibited a government-owned-vehicle exclusion. In the absence of such prohibition, and in the absence of clear direction from our supreme court on this issue, I am unwilling to take the leap that the majority has taken. I would therefore affirm the circuit court's conclusion that the exclusion in Cross's insurance policy is not void as against public policy.
Klappenbach, J., joins.