WOLLMAN, Circuit Judge.
Employees of Conagra Foods Packaged Foods, LLC, (ConAgra) appeal the dismissal of their claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. , and the Arkansas Minimum Wage Act, Ark. Code § 11-4-201, et seq. , arguing that factual disputes preclude summary judgment and that the district court[1] erred in its application of Arkansas law. We affirm.
I. Background
ConAgra produces prepared foods and food products in plants across the country. Employees at ConAgra's Russellville, Arkansas, plant (employees) must don and doff company-provided personal protective equipment (protective equipment) outside the plant's production areas. Because the majority of employees use time clocks within production areas, they are not compensated for their time donning and doffing their protective equipment and walking to and from the time clocks.[2]
In March 2012, the employees' union and ConAgra entered into negotiations to *582 revise the 2008 Collective Bargaining Agreement. The union submitted a proposal that sought "a 10 minute paid dress out period" for employees. The parties dispute what occurred during negotiations, but the employees have presented evidence that ConAgra agreed to move its time clocks from production areas to changing areas so that the employees could be compensated for time spent donning and doffing protective equipment. In return, the union agreed to withdraw its proposal. Ultimately, both parties entered into the 2012 Collective Bargaining Agreement, which did not state that employees would be compensated for donning and doffing protective equipment. Nor did it address whether ConAgra would move the time clocks from production areas to changing areas.
ConAgra thereafter made no changes to its compensation practices for donning and doffing protective equipment and did not move its time clocks to changing areas. Neither the union nor any employee filed a grievance under the 2012 Collective Bargaining Agreement demanding compensation for time spent donning and doffing protective equipment.
II. Discussion
We review the district court's grant of summary judgment de novo , and we will affirm if the evidence, viewed in the light most favorable to the non-moving party, shows that no dispute of material fact exists and that the moving party is entitled to judgment as a matter of law. Davidson & Schaaff, Inc. v. Liberty Nat'l Fire Ins. Co., 69 F.3d 868, 870 (8th Cir. 1995). We also review de novo the district court's interpretation of state law. Macheca Transp. Co. v. Phila. Indem. Ins. Co., 737 F.3d 1188, 1196 (8th Cir. 2013).
A. Fair Labor Standards Act Claims
Employers must pay their employees a minimum wage for hours worked, but may exclude "any time spent in changing clothes or washing at the beginning or end of each workday" if the time is excluded "by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee." 29 U.S.C. § 203(o). The parties agree that the 2012 Collective Bargaining Agreement does not state that employees will be paid for their time spent donning and doffing protective equipment. Thus, the issue before us is whether it was the "custom or practice" under the 2012 Collective Bargaining Agreement for employees not to be compensated for donning and doffing their protective equipment.
The employees argue that ConAgra cannot unilaterally create a custom or practice by refusing to compensate them for time spent donning and doffing, but this argument overlooks the parties' previous interactions. Prior to 2012, "[t]he Parties had a long-standing practice of non-payment for donning and doffing for most (but not all) employees at the Russellville Plant[.]" Appellants' Br. 28. Because this practice continued after the 2012 Collective Bargaining Agreement took effect, we do not view ConAgra as unilaterally imposing a custom or practice, but rather as continuing a custom or practice that was in effect under the 2008 Collective Bargaining Agreement. Moreover, the union and its employees have not objected-under the agreement-to this practice. See Jackson v. Old EPT, LLC, 834 F.3d 872, 875 (8th Cir. 2016) ("The union accepted the offer by continuing to work without striking and taking further actions relating to the bargaining relationship: Union members filed 182 grievances alleging contractual violations since the last, best, and final offer terms were implemented.")
B. Arkansas Minimum Wage Act
In 2016, the Arkansas Supreme Court held that the Arkansas Minimum Wage *583 Act required employers to pay employees for time spent donning and doffing protective equipment, regardless of the "custom and practice under the collective-bargaining agreement." Gerber Prods. Co. v. Hewitt, 2016 Ark. 222, 492 S.W.3d 856, 864 (Ark. 2016). A year later, the Arkansas legislature passed Act 914, which sought to legislatively overrule Gerber. Part of Act 914 amended Arkansas Code § 11-4-205 to include the underlined language:
Nothing in this subchapter , including the provisions of § 11-4-218(b), shall be deemed to interfere with, impede, or in any way diminish the right of employers and employees to bargain collectively through representatives of their own choosing in order to establish wages or other conditions of work.
This amendment attempted to clarify that the parties' agreement controlled employee compensation, regardless of Arkansas Code § 11-4-218(b) 's directive that "[a]ny agreement between the employee and employer to work for less than minimum wages shall be no defense to the action."
Because it arises under Arkansas law, we will apply that law to appellants' claim. Witzman v. Gross, 148 F.3d 988, 990 (8th Cir. 1998) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ; Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995) ). The issue before us is whether the district court was entitled to consider Act 914 when predicting how the Arkansas Supreme Court would construe Arkansas law.
The employees argue that the district court erred by finding "that the Arkansas Supreme Court would abandon its decision in Gerber" and would follow Act 914. The employees assert that the district court was bound by Gerber-not Act 914-because no Arkansas Supreme Court opinion has questioned its legal underpinnings. The United States Supreme Court has explained, however, that "[w]henever [the] law is authoritatively declared by a State, whether its voice be the legislature or its highest court, such law ought to govern in litigation founded on that law, whether the forum of application is a State or a federal court[.]" Guar. Tr. Co. of N.Y. v. York, 326 U.S. 99, 112, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). When a state's law is ambiguous or uncertain, "we look to 'relevant state precedent, analogous decisions, considered dicta, and any other reliable data' to determine how the Supreme Court of [Arkansas] would construe [Arkansas] law." Ashley Cty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (quoting United Bank of Iowa v. Indep. Inputs (In re W. Iowa Limestone, Inc.), 538 F.3d 858, 866 (8th Cir. 2008) ); see Roginsky v. Richardson-Merrell, Inc., 378 F.2d 832, 851 (2d Cir. 1967) ("[W]hen a federal court must determine state law, it should not slavishly follow lower or even upper court decisions but ought to consider all the data the highest court of the state would use." (citing Corbin, The Laws of the Several States, 50 Yale L.J. 762 (1941) ) ).
The employees argue that this all-encompassing approach is inconsistent with our precedent, in particular J-McDaniel Construction Co., Inc. v. Mid-Continent Casualty Co., 761 F.3d 916, 919 (8th Cir. 2014), which explained that "we are not at liberty to disregard the binding law of the state, nor may we substitute our judgment for that of the Arkansas Supreme Court." J-McDaniel is distinguishable, however, because the plaintiff in that case sought retroactive application of a statute that created a new substantive right. Id. at 918-19. Unlike the statute in J-McDaniel, Act 914 did not create a new substantive right under § 11-4-205, but merely clarified the statute's meaning that "[n]othing in this subchapter" applied to § 11-4-218(b), a different *584 statute within the subchapter. Such a change in text cannot be considered the creation of a substantive right.
The employees also argue that Act 914 can be applied only prospectively, because the Act limits itself "to conduct occurring on or after the effective date of this act." This quoted language does not apply to § 11-4-205, because it appears in a section of Act 914 that created Arkansas Code § 11-4-221. This was made clear when the statute was codified. Although Act 914 states that § 11-4-221(e) should read, "This act applies only to conduct occurring on or after the effective date of this act," the codified version of the statute states, "This section applies only to conduct occurring on or after April 5, 2017." (emphasis added). We thus follow the statute as codified.
After reviewing Gerber, Act 914, and the codified text of the Act, we predict that if this issue were before the Arkansas Supreme Court today, it would not follow Gerber but would instead apply the terms of the parties' 2012 Collective Bargaining Agreement.
III. Tool Time Compensation
The employees also seek compensation for their time spent checking-out and checking-in tools that are necessary to do their work. The employees state that it takes "two to five minutes" to check out tools and "no more than a few minutes" to check them in. Response to Defendant's Statement of Facts in Support of Its Motion for Summary Judgment 9-10, 12. The employees argue that ConAgra could track time spent checking-out and checking-in tools if ConAgra recorded the check-out and check-in times and compared them with time-clock records. The question is whether the time required to perform these activities is more than de minimis .
Employers are not required to pay employees for "insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes[.]" 29 C.F.R. § 785.47. This legal concept, known as "[t]he de minimis doctrine allows employers to disregard otherwise compensable work when only a few seconds or minutes of work beyond the scheduled working hours are in dispute." Kellar v. Summit Seating Inc., 664 F.3d 169, 176 (7th Cir. 2011) (citing Singh v. City of New York, 524 F.3d 361, 370 (2d Cir. 2008) ). Courts consider the following factors when determining whether the work performed by the employee is de minimis : "[1] the amount of time spent on the extra work, [2] the practical administrative difficulties of recording additional time, [3] the regularity with which the additional work is performed, and [4] the aggregate amount of compensable time." Id. (citing Lindow v. United States, 738 F.2d 1057, 1062-63 (9th Cir. 1984) ; 29 C.F.R. § 785.47 ). Although "the amount of daily time spent on the additional work" is "[a]n important factor in determining whether a claim is de minimis ," no precisely calculated, rigid durational period applies, but "[m]ost courts have found daily periods of approximately 10 minutes de minimis even though otherwise compensable." Lindow, 738 F.2d at 1062 (citations omitted).
The employees argue that the district court erred by concluding that the time spent checking-out and checking-in tools was de minimis . We disagree. Under the facts before us, we conclude that such time is de minimis in light of the short duration of that process and the additional administrative burden necessary to compensate employees for that time.
*585 IV. Conclusion
We conclude that ConAgra is not required to compensate employees for the time spent donning and doffing their protective equipment under either the Fair Labor Standards Act or the Arkansas Minimum Wage Act. Likewise, ConAgra is not required to compensate employees for the de minimis time spent checking-out and checking-in tools.
The judgment is affirmed.

The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

The fry bake department employees are not involved in this litigation. They use a time clock outside of a production area and may don and doff their protective equipment while being paid.