## THE HARTFORD FIRE INS. CO. and ROYAL INDEMNITY CO. *v.* STATE FARM MUTUAL AUTOMOBILE INS. CO.

78-177                                                       574 S.W. 2d 265

Opinion delivered December 18, 1978
(Division 1)

*William Stephen Crain,* for appellants.

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellee.

FRANK HOLT, Justice. the issue here is whether an accidental death caused by the discharge of a gun left in an insured vehicle while the gun was being held by a person inside the parked vehicle is an injury "arising out of the ownership, maintenance, or use" of the insured vehicle. The trial court held that appellee's insurance policy did not provide coverage and we agree.

Appellee's insured, W. G. Dining, owned a camper which was primarily used as a recreational vehicle. The camper was parked in the carport adjoining the residence without the motor running or keys in the ignition. His son,

Tanner, age 15, and a neighbor's son, Tommy Whalquist, age 15, were playing inside the parked vehicle. Tommy picked up a loaded .22 caliber pistol from under some bed cover on a rear shelf of the camper, and playfully pointed it at Robert Wilson McClintock, age 13, another neighbor's son who was outside the camper. The weapon discharged, causing Robert's unintentional death. The gun was usually kept loaded in a tackle box in the camper. Robert's death resulted in a wrongful death action. Appellants Hartford and Royal had issued home owners insurance policies respectively to Whalquist and Dining. Appellants negotiated a settlement for $30,000 to which appellee refused to contribute. Appellants then brought this action against appellee seeking a pro rata contribution in the amount of the settlement. The court found that appellants were not entitled to indemnity from appellee because the death was not "causally related" to the operation of the automobile and "did not arise out of the ownership, maintenance or use" of the vehicle as required by appellant's policy.

Appellants assert this was error. They argue the fact the gun's owner, an insured, usually kept the gun in a tackle box in the camper demonstrates the causal relation with the use of the vehicle, and that "the actions and inactions of the insured, together with other facts and circumstances, create the totality of the circumstances where the injury occurred and in such manner and was a foreseeable consequence and within the language of appellee's policy." They agree that this court has not dealt with this fact situation. However, they analogize this case to our cases *Owens* v. *Ocean Accident and Guaranty Corp.*, 194 Ark. 817, 109 S.W. 2d 928 (1937); and *State Farm Mutual Ins. Co.* v. *LaSage*, 262 Ark. 631, 559 S.W. 2d 702 (1978). In *Owens* we held that the insurer of an ambulance was liable for an injury caused to a woman being transported on a stretcher from her house to the ambulance, under the "ownership, maintenance, and use" clause in the policy insuring the ambulance. There we held this constituted "an essential transaction . . . closely identified with the operation of" the vehicle as an ambulance. In *LaSage* he was hit by a hit-and-run vehicle. He chased that vehicle and was injured when the vehicle stopped so suddenly that LaSage had to hit the vehicle or run into a ditch. Obviously, these cases are inapposite to the case at bar.

There are several cases from other jurisdictions where the courts have dealt with situations similar to the one presented here; i.e., the question of an automobile insurer's liability for injuries caused by the accidental discharge of a gun by a person in the insured vehicle. *Brenner* v. *Aetna Ins. Co.*, 445 P. 2d 474 (Ariz. 1968); *American Liberty Ins. Co.* v. *Soules*, 258 So. 2d 872 (Ala. 1972); *U.S. Fidelity & Guaranty Co.* v. *Western Fire Ins. Co.*, 450 S.W. 2d 491 (Ky. 1970); and *Raines* v. *St. Paul Fire & Marine Ins. Co.*, 175 S.E. 2d 299 (N.C. 1970). These cases have uniformly held that an injury caused by the accidental discharge of a gun held by a person who is in a moving or motionless vehicle is not an injury "arising out of the use of" the vehicle.

In an annotation on the subject in 89 A.L.R. 2d, it is stated at page 153:

> All the cases agree that a causal relation or connection must exist between an accident or injury and the ownership, maintenance or use of a vehicle in order for the accident or injury to come within the meaning of the clause 'arising out of the ownership, maintenance, or use' of a vehicle, and where such causal connection or coverage is absent coverage will be denied.

We are of the view that the accidental death of Robert Wilson McClintock cannot be said to be causally related to the use of the camper. As to causation, the accident could just as easily have occurred in a field, in the driveway, or in a hunting lodge. The fact the person discharging the pistol was inside the vehicle at the time of this accident does not make the injury one "arising out of the ownership, maintenance, or use" of the camper. Consequently, appellee's policy provided no coverage in this situation.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.