Robert CARTER, as Administrator of the Estate of
Mark Clifton CARTER, Deceased *v.* GRAIN DEALERS
MUTUAL INSURANCE COMPANY

CA 83-14                                    660 S.W.2d 952

Court of Appeals of Arkansas
Division I
Opinion delivered November 16, 1983

*Boswell & Smith, P.A.,* by: *Robert P. Plummer,* for
appellant.

*Friday, Eldredge & Clark,* by: *Michael G. Thompson,*
for appellee.

JAMES R. COOPER, Judge. This is an appeal from an
order granting the appellee's motion for summary judg-
ment. The facts are essentially undisputed. On August 10,
1980, Mark Carter, the appellant's decedent, was shot four
times by Roger Kight, the appellee's insured, while both

men were occupying a vehicle owned by Mr. Kight. Mr. Carter was in the process of driving Mr. Kight home following a party where Mr. Kight had become intoxicated. The two were being followed by the only witness to the shooting, Mr. Bobby Cecil. Mr. Cecil stated in his affidavit that he was behind Mr. Kight's car when it stopped, apparently to allow Mr. Kight to vomit. His testimony indicated that Mr. Kight got a gun from beneath the car seat and several shots were fired. No one testified as to the reason for the shooting.

Both Mr. Carter and Mr. Kight died as a result of the gunshot wounds they received. The appellant, administrator of the estate of Mark Carter, brought this action below to recover on the insurance policy the appellee issued to Mr. Kight. The appellee's policy contains the following provision:

> "*ACCIDENTAL DEATH BENEFIT.* The company will pay the amount stated in the schedule in the event of the death of an *eligible injured person* which shall result directly and independently of all other causes from bodily injury caused by accident and arising out of the maintenance or use of a motor vehicle as a *motor vehicle,* if the death occurs within one year from the date of the accident."

The issue in this case was whether the death of Mr. Carter was causally related to and flowed from the maintenance or use of Mr. Kight's insured automobile. The trial court found that, as a matter of law, the death of Mark Carter did not arise out of the maintenance or use of a motor vehicle within the meaning of the above quoted provision of Mr. Kight's automobile insurance policy. Therefore, the trial court granted the appellee's motion for summary judgment and dismissed the lawsuit. We affirm.

The Arkansas Supreme Court, in *Hartford Fire Ins. Co.* v. *State Farm Mut. Auto. Ins. Co.,* 264 Ark. 743, 574 S.W.2d 265 (1978) dealt with a case involving similar circumstances. Although, as the appellant argues, the *Hartford* case involved somewhat different facts, we find *Hartford* per-

suasive. In *Hartford,* two children were playing in a camper parked in the driveway of the insured's home while one stood outside. The engine was not running nor were the keys in the ignition. One child picked up a loaded gun which discharged causing the death of the child standing outside. The Court in *Hartford* quoted cases from other jurisdictions to the effect that "an injury caused by the accidental discharge of a gun held by a person who is in a moving or motionless vehicle is not an injury 'arising out of the use of' the vehicle." *Id.* at 745.

The *Hartford* court went on to quote from 89 A.L.R.2d 153 which states:

> All the cases agree that a causal relation or connection must exist between an accident or injury and the ownership, maintenance or use of a vehicle in order for the accident or injury to come within the meaning of the clause 'arising out of the ownership, maintenance, or use' of a vehicle, and where such causal connection or coverage is absent coverage will be denied.

The appellant correctly points out that *Hartford* does not stand for the proposition that all shootings in automobiles would be excluded from coverage. However, as previously noted, there must be a causal connection between the injury and the operation of the vehicle for there to be coverage. The only connection between the death of Mr. Carter and the use of the vehicle is that Mr. Kight and Mr. Carter happened to be in the automobile when the shooting occurred. They could have just as easily been outside the vehicle. The evidence in this record would not have permitted the fact finder to determine that Mr. Carter's death was causally related to the operation of the car.

On appeal, where the issue is the correctness of the trial court's decision to grant a motion for summary judgment, this Court must review the evidence in the light most favorable to the party resisting the motion. *Bourland* v. *Title Ins. Co. of Minnesota,* 4 Ark. App. 68, 627 S.W.2d 567 (1982). Where all the pleadings and the affidavits show there is no genuine issue as to any material fact, the moving party is

entitled to summary judgment. Rule 56, ARCP; *Davis, Adm'x* v. *Lingl Corp.*, 277 Ark. 303, 641 S.W.2d 27 (1982); *Turner* v. *Baptist Medical Center*, 275 Ark. 424, 631 S.W.2d 275 (1982). In the case at bar, we hold that the trial court correctly granted the appellee's motion for summary judgment.

Affirmed.

CRACRAFT and GLAZE, JJ., agree.