Brent HUMPHRIES *v.*
NATIONWIDE MUTUAL INSURANCE COMPANY

CA 06-304                                                    245 S.W.3d 156

Court of Appeals of Arkansas
Opinion delivered December 13, 2006

[Rehearing denied January 24, 2007.]

*Taylor Law Firm*, by: *Timothy J. Myers*, for appellant.

*Joe Benson*, for appellee.

Josephine Linker Hart, Judge. Appellant, Brent Humphries, appeals from the circuit court's order granting

summary judgment in favor of appellee, Nationwide Mutual Insurance Company, wherein the court found that a policy providing for underinsured motorist coverage was not ambiguous and that appellant's vehicle did not meet the policy definition of an underinsured vehicle. In his three points on appeal, appellant alternatively argues that the policy provided underinsured motorist coverage under the circumstances of this case; the policy language is ambiguous; or the policy violates Arkansas law and is consequently unenforceable. We affirm.

According to appellant's pleadings and exhibits, on February 6, 2003, appellant was a passenger in a truck owned by appellant's mother and driven by Delbert Priesmeyer, Jr. Appellant was an insured driver of the truck, and the truck was an insured vehicle under a policy issued by appellee to appellant's mother. Priesmeyer lost control of the truck, and the truck left the highway, went into a ditch, spun, and struck a sign. Priesmeyer died at the scene, and appellant suffered multiple injuries. Appellant settled his claim against Priesmeyer's insurer and sought judgment against appellee for the underinsured motorist coverage policy limits of the policy issued by appellee.

The parties filed motions for summary judgment, and the circuit court ultimately awarded summary judgment to appellee. In its order, the circuit court found that the "policy is not ambiguous as to whether damages must result from an accident arising out of the ownership, maintenance, or use of the underinsured motor vehicle" and that appellant's "vehicle does not meet the policy definition of an underinsured vehicle." Appellant appeals from the court's ruling.

A circuit court grants summary judgment when a party is entitled to judgment as a matter of law. *Lewis v. Mid-Century Ins. Co.*, 362 Ark. 591, 210 S.W.3d 113 (2005). If the language of an insurance policy is unambiguous, we give effect to the policy's plain language without resorting to the rules of construction, but if the language is ambiguous, we construe the policy liberally in favor of the insured and strictly against the insurer. *Id.* Policy language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation. *Id.*

In his argument on appeal, appellant acknowledges that, under the definition section of the underinsured motorist coverage policy, the policy provides that "[w]e will not consider as an . . . underinsured motor vehicle . . . any motor vehicle insured under

the liability coverage of this policy." But he notes that, under the liability coverage of the policy, the coverage excluded "[b]odily injury to any insured or any member of an insured's family residing in the insured's household." He argues that because he was denied liability coverage under this provision, the truck was not a "motor vehicle insured under the liability coverage" of the policy so as to preclude recovery under the underinsured coverage provisions. In his second point on appeal, applying the same analysis, he alternatively argues that the policy is ambiguous.

We disagree with appellant's argument. We find persuasive the Arkansas Supreme Court's decision in *Pardon v. Southern Farm Bureau Casualty Insurance Co.*, 315 Ark. 537, 868 S.W.2d 468 (1994). There, under the uninsured motorist provision of the insured's policy, the insurer was liable to pay for bodily injury damages to which the insured was entitled to collect from an owner or driver of an uninsured automobile. The policy defined an uninsured automobile as one not insured by a liability policy at the time of the accident. Also, the insured was excluded from liability coverage since he was owner of the truck. The insured's estate argued that because he was excluded by the terms of his liability policy, the estate was entitled to recover under the uninsured motorist provision of his policy. The Arkansas Supreme Court concluded that because the insured's truck was insured by a liability policy, his uninsured motorist coverage, by its very terms, was inapplicable.

As in *Pardon*, even though appellant's liability coverage excluded bodily injury to him, the policy unambiguously defined an underinsured motor vehicle so as not to include any motor vehicle insured under the liability coverage of this policy. Therefore, we conclude as a matter of law that the terms of the policy are unambiguous and appellant is not entitled to coverage.

Appellant also asserts that the policy is ambiguous because it placed in the definition section of the policy the language that it would not consider as an underinsured motor vehicle any motor vehicle insured under the liability coverage of this policy. He asserts that the language should have been in the exclusions section of the policy, and consequently, the policy is ambiguous, as the language is "hidden." We disagree. We see nothing ambiguous about defining a term, and in doing so, limiting its scope.

In further asserting that the policy is ambiguous, appellant notes that the policy provides for payment of "compensatory damages . . . because of bodily injury suffered by you or a relative and which are due by law to you or a relative from the owner or driver of . . . an underinsured motor vehicle." He asserts that because Priesmeyer was the owner of an underinsured vehicle, he is entitled to coverage, and that this creates an ambiguity.

In *Lewis*, the Arkansas Supreme Court held that there was underinsured motorist coverage, even though the underinsured vehicle was not involved in the accident, noting further that there was no policy language stating that the accident must arise out of the ownership, maintenance, or use of the underinsured motor vehicle. The policy in this case, however, contains the language missing from the policy in *Lewis*. Specifically, the policy provides that the "[d]amages must result from an accident arising out of the: 1. ownership; 2. maintenance; or 3. use; of the ... underinsured motor vehicle." This language indicates that the bodily injury must arise from the involvement of the underinsured's vehicle in the accident. Appellant's damages did not result from an accident arising out of Priesmeyer's ownership of the underinsured vehicle. Thus, we conclude that there is no ambiguity.

Appellant also asserts that the insurance policy violates Ark. Code Ann. § 23-89-209 (Repl. 2004), which concerns underinsured motorist coverage. He argues that the statute contemplates "underinsured motorist coverage to apply when the torfeasor's liability insurance carrier, the underinsured motorist in this case, has paid their policy limits," and that by focusing its coverage on the vehicle and not the motorist and tortfeasor, appellee's definition is contrary to the statute and therefore unenforceable. We disagree.

Our statute specifically provides that the underinsured motorist "coverage shall enable the insured . . . to recover from the insurer the amount of damages for bodily injuries to or death of an insured which the insured is legally entitled to recover from the owner or operator of another motor vehicle whenever the liability insurance limits of the other owner or operator are less than the amount of the damages incurred by the insured." Ark. Code Ann. § 23-89-209(a)(3). Given the statute's emphasis on recovery from the owner or operator "of another motor vehicle," we cannot conclude that the policy in this case violates the statute by

excluding from its definition of underinsured motor vehicle "any motor vehicle insured under the liability coverage of this policy." Moreover, the Arkansas Supreme Court has specifically held that the Arkansas statutes do not require that an auto policy provide underinsured coverage where no underinsured vehicle is involved in the accident. *Lewis, supra.*

Affirmed.

BIRD and GRIFFEN, JJ., agree.