HARRISBURG SCHOOL DISTRICT NO. 6; and Frankie Lindsey, Fonda Eaton, Barry Massengil, and Greg Reddman, In Their Official Capacities as Members of The Board of Education of Harrisburg School District No. 6, Appellants,

v.

**Byron NEAL, Appellee.**

No. 11–75.

Supreme Court of Arkansas.

May 26, 2011.

Bequette & Billingsley, P.A., by:  George
J. Bequette, Jr., Little Rock;  and Scott

Smith, Ark. Pub. Sch. Resource Ctr., for appellants.

Dover and Zolper, by: Dennis Zolper, Jonesboro, and Chrestman Group, PLLC, by: Keith L. Chrestman, for appellee.

PAUL E. DANIELSON, Justice.

Appellants Harrisburg School District No. 6; along with Frankie Lindsey, Fonda Eaton, Barry Massengil, Greg Reddman, in their official capacities as members of the board of education of Harrisburg School District No. 6 (hereinafter collectively "The Harrisburg District"), appeal from the order of the Poinsett County Circuit Court granting appellee Byron Neal's motion for summary judgment. The Harrisburg District argues on appeal that the circuit court erred in granting summary judgment in favor of Neal. We find no error and affirm the order of the circuit court.

In September 2009, Neal was elected to one of the five positions on the board of directors for the Harrisburg District. His term was not to expire until September 2014. In February 2010, the Weiner School District faced declining enrollment and, as a result, the Harrisburg District and the Weiner School District entered into an agreement for an administrative annexation of the Weiner School District into the Harrisburg District (hereinafter "annexation agreement"). Neal was present at the February 25, 2010 board-of-directors meeting of the Harrisburg District and voted in favor of proposing the annexation agreement to the Weiner School District.

On March 3, 2010, a special meeting of the board of directors of the Harrisburg District was held, and the petition for annexation was a topic of discussion. At this meeting, Neal moved to adopt a resolution to annex the Weiner School District and to file the petition for annexation with the Arkansas State Board of Education (ASBE). Both actions were approved unanimously by the board. Pursuant to the annexation agreement between the school districts, a petition for annexation was filed with the ASBE on or about March 4, 2010. That petition was approved by both school districts and was approved by the ASBE on or about March 8, 2010. The approval by the ASBE was confirmed by an order of the chair of the ASBE, issued on April 1, 2010.

The annexation agreement between the Harrisburg District and the Weiner School District had provided that an interim school board would be formed consisting of one of the board members from the Weiner School District and four of the board members from the Harrisburg District, creating a new board consisting of five members. The ASBE's April 1, 2010 order approving the annexation referenced the annexation agreement between the two school districts. On March 9, 2010, the board members of the Harrisburg District chose to select its interim-board members by simply selecting four of its five members to serve on it—Neal being the sole board member to lose his position.

On June 7, 2010, Neal filed his complaint against the Harrisburg District and challenged the method by which the board chose which four members would serve on the interim board. Neal requested a writ of mandamus directing the Harrisburg District to rescind its vote and also sought a temporary restraining order and preliminary and permanent injunctions prohibiting the Harrisburg District from removing him as a board member. The circuit court denied the requests for immediate relief and scheduled the matter for trial. The interim board began taking official action on behalf of the Harrisburg District on July 1, 2010.

On October 12, 2010, the Harrisburg District filed a motion for summary judgment alleging that there were no genuine factual disputes and that, as a matter of law, it was entitled to summary judgment because: (1) the method used to select the interim board members was in accordance with the applicable law, the annexation agreement between the school districts, and the order of the ASBE approving the annexation; (2) Neal's claims were moot as the interim board had already begun taking action; (3) Neal was barred from challenging the selection by estoppel, laches, ratification, or waiver because he voted to approve the annexation agreement between the school districts; and (4) Neal's challenge was an improper collateral attack on the order of the ASBE. On October 26, 2010, Neal responded to the Harrisburg District's motion and filed his own motion for summary judgment. Neal asserted that while he did vote to approve the annexation agreement, that agreement did not detail the method by which the four members of the Harrisburg District would be chosen to continue to serve on the interim board and that the applicable statute required the drawing of lots by the directors of the Harrisburg District prior to annexation if there was going to be a reduction in the number of board members, which was not the method used.

The circuit court filed its order on December 1, 2010, finding: (1) the Harrisburg District and the Weiner School District in their annexation agreement and their petition for annexation affirmatively chose to avail themselves of Ark.Code Ann. § 6–13–1412 to establish an interim board; (2) Neal was not barred by estoppel, laches, ratification or waiver because nothing in the record showed that he was aware of the method by which the other board members of the Harrisburg District intended to use to reduce their number of members; (3) Neal's complaint was not a collateral attack on the ASBE's order as the order also did not detail a method by which the interim board would be formed other than referencing the aforementioned annexation agreement and petition; (4) the action was not moot simply because the interim board has been acting as the school board because the complaint was filed prior to the effective date of the annexation and Neal sought a temporary restraining order; and (5) the annexation agreement between the two school districts was not a binding agreement, as specifically stated in the agreement itself, and did not specify the method that would be used to select which board members of the Harrisburg District would remain on the interim board. Based on these findings, the circuit court granted summary judgment in favor of Neal and enjoined the interim board from further action until the Harrisburg District properly and legally selected the four board members pursuant to Ark.Code Ann. § 6–13–1412(c)(2). It is from that order that the Harrisburg District now appeals.

The Harrisburg District argues that Ark.Code Ann. §§ 6–13–1405 and 1406(a)(1), (2) gave it and the Weiner School District the authority to agree on how the board of directors would be constituted and, therefore, the circuit court erred in granting summary judgment in favor of Neal. Neal responds that while the Harrisburg District had the option to choose to have an interim school board, they did not have the right to choose the interim board members outside of the procedure set forth in Ark.Code Ann. § 6–13–1412(c).

■■■■ The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judg-

ment as a matter of law. *See Couch v. Farmers Ins. Co., Inc.*, 375 Ark. 255, 289 S.W.3d 909 (2008). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *See id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id.* Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *See id.*

■ To the extent that the grant of summary judgment was based upon the circuit court's |₆interpretation of an Arkansas statute, that is a question of law which this court decides de novo. *See Evans v. Hamby*, 2011 Ark. 69, 378 S.W.3d 723.

■ Neither party in the instant case argues that there is any issue of material fact in dispute. The issue is simply whether the method used by the board of the Harrisburg District to choose which of its members would serve on the interim board of directors was in violation of the applicable law. We hold that the method used was in violation of the applicable statute and, therefore, we affirm the circuit court's order.

Arkansas Code Annotated § 6–13–1603 (Repl.2007) allows certain school districts to voluntarily agree to administratively consolidate with or be annexed to another school district. At the time when the Weiner School District agreed to be annexed to the Harrisburg District, Ark. Code Ann. § 6–13–1406 (Repl.2007) governed the board of directors of each resulting or receiving school district created. *See* Ark.Code Ann. § 6–13–1603(k).[1] Under section 6–13–1406, the Harrisburg District had the option of agreeing with the Weiner School District to keep the Harrisburg District's board of directors the same even after the annexation until the next regular school election or, in lieu of electing a new board of directors at the next regular school election, agreeing to form an interim board. *See* Ark.Code Ann. § 6–13–1406(a)(1)(A), (B).

|₇It is undisputed that the Harrisburg District and the Weiner School District agreed to form an interim board. The annexation agreement between the districts provides in relevant part:

3. Board of Directors. Following approval of the proposed annexation by the [State Board of Education], the [Harrisburg District] will establish a five (5) member school board.... There would be an interim school board created effective July 1, 2010, made up of one (1) member from the Weiner School Board and four (4) members from the Harrisburg School Board. Each school board would select prospective members for each district for the interim board. The interim board of directors will serve until the regular school election of September 2011 pursuant to Ark.Code Ann. Sec. 6–13–1412(d).

1. We acknowledge that Act 1217 of the 2011 legislative session created §§ 6–13–1415 to – 1417 and amended the language in § 6–13–1603(k) to instruct that the newly-created sections shall now govern the board of directors of each resulting district or receiving school district created. The new sections create more detailed instructions, but still do not allow for a board to simply choose among themselves which members will continue to serve on the interim board if there is a reduction in the number of board members.

Additionally, the petition for annexation submitted by the school districts to the ASBE states:

> 3. The Petitioners submit that pursuant to A.C.A. §§ 6–13–1405, 6–13–1406 and 6–13–1412, that it is hereby agreed that the receiving Harrisburg School District shall establish an interim school board consisting of four (4) current board members from the Harrisburg School District and one (1) current board member from the Weiner School District.

These documents both seem to indicate that the school districts were opting to use the provisions of Ark.Code Ann. § 6–13–1412 (Repl.2007), which provides:

> (a)(1) Notwithstanding any other provisions of law, school districts that annex after January 1, 2005, under Acts 2003 (2nd Ex.Sess.), No. 60, and opt to follow the procedures in this section or school districts that voluntarily annex and opt to follow the procedures in this section shall form a new board of directors made up of the board of directors of the receiving district plus at least one (1) member of the board of directors of each affected district as provided under § 6–13–1406(a)(1)(B)(ii).

However, adhering to that provision would have created a six-member board of directors for the interim board. That is prohibited by section 6–13–1406(c)(1), which instructs that an interim board shall never have more than seven members, fewer than five members, or an even number of members. *See* Ark.Code Ann. § 6–13–1406(c)(1)(A),(B). Therefore, the board members of the Harrisburg District should have followed the procedure set forth in section 6–13–1406(c)(2), which provides in pertinent part:

> If the addition of members from the affected district or districts would cause the interim board of directors to be out of compliance with subdivision (c)(1) of this section or if the board of directors decides to reduce the size of the board of directors, the total number of positions held by the members of the receiving district shall be reduced as necessary by:
>
> (A) Voluntary resignation of one (1) or more existing members; or
>
> (B) Drawing lots by the directors of the receiving district prior to annexation.

Ark.Code Ann. § 6–13–1406(c)(2)(A), (B).

None of the board members of the Harrisburg District voluntarily resigned. Therefore, to determine which four of the five board members would continue to serve on the interim board, the directors of the Harrisburg District were required to draw lots prior to annexation. *See* Ark. Code Ann. § 6–13–1406(c)(2)(B). That was not the method used. The then-existing board members simply selected four of their five members to serve on the interim board, and Neal was the sole board member to lose his position.

While the Harrisburg District argues that it did not opt to utilize section 6–13–1412 to create the interim board, this court, based on the above, does not find any error on the part of the circuit court in finding that it did indeed avail itself of that statute and that Neal was entitled to judgment as a matter of law when the Harrisburg District's actions violated the terms of the applicable statute.

The Harrisburg District includes some additional fleeting arguments in its brief. However, all are without merit. The Harrisburg District argues that the issue presented is moot because the interim board has already begun acting on behalf of the school district. Generally, a case becomes moot when any judgment rendered would have no practical

legal effect upon a then-existing legal controversy. *See Kinchen v. Wilkins*, 367 Ark. 71, 238 S.W.3d 94 (2006). The current interim board, created in violation of the applicable law, can still be replaced by an interim board that is created in compliance with the applicable statute until a permanent board is elected in the next regular school election. Therefore, this controversy is not moot. The Harrisburg District also alleges that Neal's complaint is an improper collateral attack on the order issued by the ASBE. However, as noted by the circuit court, that order did not refer to the specific method by which the interim board would be formed. The ASBE's order simply approved the annexation and referenced the annexation agreement and petition for annexation submitted by the school districts. While the annexation agreement provided that each school board would select prospective members for the interim board, neither the agreement nor the petition for annexation provided the specific method that the school boards intended to use to make that selection. Nothing included in the record demonstrates that Neal knew what method the other members of the board intended to use to reduce its number of members, regardless of the fact that he supported the annexation. For that reason, the Harrisburg District's allegations that Neal is barred by waiver and estoppel also fail. Finally, the Harrisburg District argues that the annexation agreement was a binding obligation to which basic contract principles apply, that Neal had no privity of contract, and, therefore, that Neal's complaint should have been dismissed. However, the agreement itself specifically stated it was a nonbinding agreement, that it had no legal force, and that it was only intended to "be a memorandum of understanding to guide the filing of a petition of annexation."

We hold that no material disputed fact was unanswered in the instant case and that, for all of the above-stated reasons, Neal was entitled to summary judgment as a matter of law. Therefore, we affirm the order of the circuit court.

Affirmed.