Cite as 2019 Ark. App. 329

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CV-18-1018

| | | |
|---|---|---|
| | | **Opinion Delivered:** June 5, 2019 |
| KATELYNN LOCKE | | |
| | APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT |
| V. | | [NO. 43CV-18-79] |
| PATRICK SINCLAIR, STATE FARM LIFE INSURANCE COMPANY, AND AMY LOCKE, JOINTLY AND SEVERALLY | | HONORABLE BARBARA ELMORE, JUDGE |
| | APPELLEES | AFFIRMED |

## MEREDITH B. SWITZER, Judge

Appellant Katelynn Locke appeals the Lonoke County Circuit Court's grant of summary judgment to appellees State Farm Insurance Company and Patrick Sinclair, a State Farm agent (collectively "State Farm").[1] We affirm.

### I. *Facts*

Katelynn's father, James, died on May 9, 2015, when Katelynn was fifteen years old. Katelynn's mother is also deceased. On June 2, 2015, in the probate division of the Lonoke County Circuit Court (No. 43PR-15-172), an order was entered appointing Amy Locke, Katelynn's stepmother, as permanent guardian of the persons and estates of Katelynn and

---

[1]Separate defendant Amy Locke is not a party to this appeal of the grant of summary judgment to State Farm.

her brother, Brett, because they were incapacitated by reason of minority.[2]  In that order, the circuit court found it was in Katelynn and Brett's best interest to have Amy appointed, the minors preferred her to be appointed as their guardian, and she was qualified and suitable to act as guardian of the persons and estates of the minors.  The order authorized Amy to serve without bond and directed the court clerk to issue permanent letters of guardianship to Amy, which occurred the same day the order was entered.

James had a $50,000 insurance policy with State Farm, and his three children were designated as beneficiaries.  At some time after receiving her letters of guardianship, Amy made claim as the guardian of Katelynn's estate for Katelynn's portion of the insurance proceeds.  State Farm issued a check on October 9, 2015, in the amount of $16,416.85 paid to "Amy Locke, Guardian of the Estate of Katelynn Locke."

When Katelynn turned eighteen on December 2, 2017, she inquired of Patrick Sinclair about her portion of her father's life-insurance proceeds.  It was then that she learned her share of the proceeds had been disbursed to Amy as the guardian of her estate in October 2015.

In January 2018, Katelynn filed a complaint against State Farm, Sinclair, and Amy alleging negligence, breach of contract, fraud, breach of fiduciary duty, and conspiracy.[3]  State Farm filed a motion for summary judgment alleging the life-insurance proceeds due

---

[2]Another brother, Richard, was over eighteen years old at the time of his father's death; Brett turned eighteen in January 2016.

[3]In an order dated March 14, 2017, Amy was removed as permanent guardian, and Katelynn's grandmother was appointed as her permanent guardian. It is undisputed that State Farm's disbursal of funds occurred well before Amy's removal as permanent guardian.

Katelynn had been paid to Amy as the guardian of Katelynn's estate pursuant to the permanent order of guardianship and the letters of guardianship. This motion was granted on August 17, 2018. Katelynn was granted judgment against Amy in the sum of $19,066.93 on October 18, 2018, and she filed her notice of appeal from the order granting summary judgment to State Farm on October 23, 2018.

## II. *Standard of Review*

It is well settled that summary judgment should be granted only when it is clear there are no issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Hopkins*, 2018 Ark. App. 174, 545 S.W.3d 257. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appeal, viewing the evidence in the light most favorable to the nonmoving party and resolving all doubts and inferences against the moving party, we determine if summary judgment was appropriate based on whether the moving party's evidence in support of its motion leaves a material fact unanswered. *Holman v. Flores*, 2018 Ark. App. 298, 551 S.W.3d 1. Our appellate review is not limited to the pleadings, as we also focus on affidavits and other documents filed by the parties. *Id.*

## III. *Argument*

Katelynn makes three arguments on appeal: (1) State Farm breached its contract with her; (2) payment was improperly made to Amy because the guardianship was defective; and (3) State Farm had an affirmative duty to investigate whether the guardianship was valid. Her overarching argument is that State Farm improperly released her portion of the

insurance proceeds to Amy, who had no legal authority to receive the funds. We disagree. Summary judgment was proper because there were no issues of material fact to be litigated, and State Farm was entitled to judgment as a matter of law.

State Farm did not have a contract with Katelynn; its contract was with her father for $50,000 in life insurance. State Farm paid the portion of the life-insurance proceeds due Katelynn to Amy as the permanent guardian of Katelynn's estate. Katelynn's arguments center on Arkansas Code Annotated section 28-65-216 (Repl. 2012), which concerns the issuance of letters of guardianship and provides:

> (a) When a guardian has given such bond as may be required and the bond has been approved, as provided by § 28-48-205, or if no bond is required and the guardian has filed his or her written acceptance of his or her appointment, letters of guardianship under the seal of the court shall be issued to him or her.

> (b) The letters, when so issued, until revoked or cancelled by the court, shall protect persons who, in good faith, act in reliance thereon.

Katelynn argues that letters of guardianship should never have been issued to Amy because Amy never posted a bond or filed written acceptance of her appointment. The order appointing Amy permanent guardian authorized Amy to serve without bond; therefore, no bond was necessary. No one disputes Amy did not file a written acceptance of her appointment. Nevertheless, letters of guardianship were issued to Amy.

Katleynn argues State Farm failed to comply with Arkansas law when it released her insurance proceeds to Amy without requiring proof she was duly appointed as Katelynn's guardian. She persists in the argument that because Amy did not file a written acceptance of the guardianship, Amy was not properly authorized by the court to be Katelynn's

guardian, and that State Farm "had an affirmative duty to investigate whether the guardianship was valid and whether Amy Locke was fully authorized." She is incorrect.

Regardless of whether the letters of guardianship were improvidently issued, which is not the issue in this appeal, the fact remains that the letters of guardianship were issued and were in effect at the time State Farm disbursed Katelynn's insurance proceeds to Amy as her guardian. Arkansas Code Annotated section 28-65-216(b) protects State Farm in this situation because Amy presented to State Farm both the order appointing her permanent guardian and the letters of guardianship; the letters of guardianship were not revoked or canceled by the court at the time they were presented to State Farm; and State Farm relied in good faith on the letters of guardianship in releasing Katelynn's funds to Amy.

Katelynn cites *Prudential Insurance Co. of America v. Frazier*, 323 Ark. 311, 914 S.W.2d 296 (1996), as a case "directly on point" in support of her argument. *Frazier* is easily distinguishable from the present case. In *Frazier*, Prudential was found to be liable to appellees, Melissa Conrad Frazier and Mellonie Conrad, for improperly paying their shares of their mother's life-insurance proceeds to their uncle, Jerry Reid, as guardian of their estates. In *Frazier*, although the order appointing Reid as guardian stated that "bond shall be determined," there was no indication that bond was ever set or paid, nor was there evidence that letters of guardianship were ever issued.

In the present case, bond was not required, and because the letters of guardianship were issued and had not been revoked or canceled by the court at the time of State Farm's disbursement of Katelynn's portion of the insurance proceeds to Amy as Katelynn's

guardian, State Farm was protected by Arkansas Code Annotated section 28-65-216(b). Therefore, summary judgment was proper.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles* and *William J. Ogles*, for appellant.

*Munson, Rowlett, Moore and Boone, P.A.*, by: *Emily M. Runyon*, for appellees Patrick Sinclair and State Farm Life Insurance Company.