# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1699
_____

United States Liability Insurance Company

*Plaintiff - Appellee*

v.

Stone County Insurance Agency Inc

*Defendant*

Ase Gro Lindland; Olav Lindland

*Defendants - Appellants*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: May 6, 2026
Filed: May 11, 2026
[Unpublished]
_____

Before GRUENDER, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

In this diversity action, Ase Gro and Olav Lindland (the Lindlands) appeal the district court's[1] adverse decisions on cross motions for summary judgment as to whether U.S. Liability Insurance Company (USLI) had a duty to indemnify its insured against an Arkansas consent judgment in favor of the Lindlands.

After careful review of the record and the parties' arguments on appeal, we conclude that the district court properly granted USLI's motion for summary judgment and denied the Lindlands'. *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 751 F.3d 880, 886-87 (8th Cir. 2014) (de novo standard of review). Because the insured's liability had a causal relation to its failure to pay money on behalf of the Lindlands, we conclude indemnification was unavailable under the unambiguous language of USLI's policy, which excluded coverage for claims "arising out of" or "in any way involving" the failure to pay any money. *See Safeco Ins. Co. of Am. v. Dooms*, 617 F. Supp. 3d 980, 990 (W.D. Ark. 2022) (discussing Arkansas law; an insurer has a duty to indemnify if the actual facts giving rise to liability in the underlying suit show that coverage applies); *Scottsdale Ins. Co. v. Morrowland Valley Co.*, 411 S.W.3d 194, 191 (Ark. 2012) (concluding that, when unambiguous, policy exclusions are generally enforced according to their terms); *Hartford Fire Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 574 S.W.2d 265, 267 (Ark. 1978) (holding in an unambiguous context that the phrase "arising out of" required only "a causal relation or connection").

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____

---

[1]The Honorable Kristine G. Baker, Chief Judge, United States District Court for the Eastern District of Arkansas.

-2-